(903 P.2d 160)

No. 72,449

STATE OF KANSAS, *Appellee*, v. GARY BOST, *Appellant*.

Opinion filed September 8, 1995.

*Thomas DeCoursey*, of Kansas City, for appellant.

*Larry Hoffman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., GERNON, J., and D. KEITH ANDERSON, District Judge, assigned.

ANDERSON, J.: The facts in this case are for the most part un-disputed. However, the sequence and timing of events are critical for jurisdictional purposes.

On September 20, 1993, Gary Bost was charged in Wyandotte County with one count of aggravated robbery, a severity level 3 person felony in violation of K.S.A. 1993 Supp. 21-3427, for incidents occurring the previous day. Bost entered a plea of no contest to an amended charge of robbery, a severity level 5 person felony in violation of K.S.A. 1993 Supp. 21-3426.

The presentence investigation (PSI) report prepared prior to sentencing indicated that Bost's conviction of robbery carried a crime severity level 5 ranking. Due to a multitude of DUI and DUI-related offenses, all misdemeanors, Bost's criminal history placed him in category H. The PSI report denoted that a placement of 5-H on the nondrug sentencing guidelines grid carried a presumptive sentencing range of 34 to 38 months' imprisonment.

The court sentenced Bost to 36 months' imprisonment on March 28, 1994. The court filed its journal entry of sentencing on April 11, 1994. The journal entry reflects that the court's decision mirrors the PSI report and found Bost to be classified as 5-H on the nondrug sentencing guidelines grid.

After the sentencing hearing on April 5, 1994, Bost filed a motion for modification of sentence and/or downward departure. Bost alleged he played a minor role in the crime, that the degree of harm to the victim was much less than in typical or common cases of this offense, and that he was no threat to society. Following a hearing on July 19, 1994, the district court filed an order July 25, 1994, denying Bost's motion.

Bost filed a notice of appeal on July 28, 1994. Bost appealed the sentence entered on March 28, 1994, and the denial of his motion to modify and/or grant probation.

### Standard of Review

All issues before the court are jurisdictionally determinable.

Resolving jurisdictional issues under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1994 Supp. 21-4701 *et seq.,* involves the interpretation of various provisions. The interpretation

of statutes is a question of law, and, thus, this court's scope of review is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

## Notice of Appeal

This court raised various jurisdictional issues and ordered parties to address them in their appellate briefs. The first jurisdictional issue involves the timeliness of Bost's notice of appeal. Bost argues that he timely filed his notice of appeal since the district court did not render final judgment until it ruled on his motion to modify.

"The filing of a timely notice of appeal is jurisdictional." *State v. Moses*, 227 Kan. 400, Syl. ¶ 8, 607 P.2d 477 (1980). "The right to appeal is entirely statutory and not a right vested in the United States or Kansas Constitutions. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by applicable statutes." *State v. Neer*, 247 Kan. 137, Syl. ¶ 1, 795 P.2d 362 (1990).

With the implementation of the sentencing guidelines in 1993, the time in which a defendant may appeal judgments of the district court underwent a drastic change. K.S.A. 1994 Supp. 22-3608 provides in full:

"(a) If sentence is imposed, the defendant may appeal from the judgment of the district court not later than 10 days after the expiration of the district court's power to modify the sentence. The power to revoke or modify the conditions of probation or the conditions of assignment to a community correctional services program shall not be deemed power to modify the sentence. *The provisions of this subsection shall not apply to crimes committed on or after July 1, 1993.*

"(b) If the imposition of sentence is suspended, the defendant may appeal from the judgment of the district court within 10 days after the order suspending imposition of sentence. *The provisions of this subsection shall not apply to crimes committed on or after July 1, 1993.*

"(c) *For crimes committed on or after July 1, 1993, the defendant shall have 10 days after the judgment of the district court to appeal.*" (Emphasis added.)

In the case before the court, the district court imposed sentence on March 28, 1994. Bost filed a motion to modify the sentence on April 5, 1994. The court denied the motion to modify the sentence on July 25, 1994. On July 28, 1994, exactly four months following

the court's imposition of sentence from the bench, Bost filed his notice of appeal.

Bost argues K.S.A. 1994 Supp. 22-3608(c) limits appeals from a judgment; but K.S.A. 1994 Supp. 22-3601(a) expressly permits appeal from a "final judgment." Consequently, Bost argues that since the district court considered arguments and issued a ruling on his post-sentencing motions, no final judgment was entered until the court denied his motion to modify on July 25, 1994. Under such a scenario, had Bost committed the crime in this case prior to July 1, 1993, his notice of appeal would then be timely since it was filed within 10 days of the denial of the motion to modify.

Bost's argument fails to take into consideration some of the general rules of statutory construction:

> "Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained." *West v. Collins*, 251 Kan. 657, Syl. ¶ 3, 840 P.2d 435 (1992).

Additionally, "[w]hen a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

The legislature makes its intentions very clear in K.S.A. 1994 Supp. 22-3608. The language could not be any more plain and unambiguous. For crimes committed on or after July 1, 1993, subsections (a) and (b) "shall not apply." K.S.A. 1994 Supp. 22-3608(a), (b). The legislature unquestionably intended to rescind the old law for crimes committed after the effective date of the sentencing guidelines. "It is . . . presumed that the legislature acts with full knowledge as to judicial decisions on prior law. [Citation omitted.]" *State v. Trudell*, 243 Kan. 29, 34, 755 P.2d 511 (1988).

For crimes committed on or after July 1, 1993, a defendant "shall have 10 days after the judgment of the district court to appeal." K.S.A. 1994 Supp. 22-3608(c). As was the case prior to July 1, 1993, the time for a notice of appeal commences from the date the sen-

tence is orally pronounced from the bench, not the date of the filing of the journal entry. *State v. Moses*, 227 Kan. at 403-04.

It is obvious in the case presently before the court that Bost's attorney hoped to fall within the language of K.S.A. 1994 Supp. 22-3608(a), which allows an appeal within 10 days of the court's denial of a motion to modify. However, under K.S.A. 1994 Supp. 22-3608(c), Bost has filed an untimely notice of appeal since he failed to file within 10 days of the court's imposition of sentence. The filing of a timely notice of appeal is jurisdictional, and the district court cannot confer appellate jurisdiction on this court.

This case could be considered an exception to the above rule pursuant to the authority of *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982). The *Ortiz* court held that while the timely filing of a notice of appeal is jurisdictional, an exception has been recognized in cases where a defendant either was not informed of his or her rights to appeal, was not furnished an attorney to exercise those rights, or was furnished an attorney for that purpose who failed to perfect and complete an appeal. However, Bost makes no claims of ineffective assistance of counsel. Even if that claim had been made, it will not be necessary for this court to remand this case to the district court for a determination of whether Bost was denied effective assistance of counsel since his appeal fails on other separate and distinct jurisdictional grounds.

### Effect on jurisdiction of a motion to modify/depart

Neither party addressed in their briefs, although requested by this court, whether a motion for departure is timely after the court has rendered sentence or whether a district court has jurisdiction to consider a motion to modify for a crime committed after July 1, 1993. Because these issues are significant and jurisdictional, the court will raise and consider them on its own initiative.

"It is the duty of an appellate court to raise the question of jurisdiction on its own motion, and where the district court had no jurisdiction, the appellate court does not acquire jurisdiction over the subject matter on appeal." *City of Overland Park v. Barron*, 234 Kan. 522, Syl. ¶ 1, 672 P.2d 1100 (1983).

"'This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal.' [Citations omitted.]" *State v. Ortiz*, 230 Kan. at 735.

### *Motion to modify*

For crimes committed *before* July 1, 1993, the court's authority to modify a defendant's sentence came under K.S.A. 1992 Supp. 21-4603(4)(a). In conjunction with K.S.A. 21-4601, the Kansas courts allowed a defendant, under K.S.A. 1992 Supp. 21-4603(4), the opportunity to have his or her sentence modified when a motion was filed within the statutory 120-day period following the imposition of sentence. *State v. Saft*, 244 Kan. 517, 519, 769 P.2d 675 (1989).

However, with the implementation of the sentencing guidelines, the legislature established a separate statute to cover authorized dispositions of crimes committed *on or after* July 1, 1993. K.S.A. 1994 Supp. 21-4603d. There are no provisions in K.S.A. 1994 Supp. 21-4603d which grant a defendant the right to file a motion requesting the court to modify his or her sentence. The legislature has revoked the ability to have one's sentence modified after sentencing.

A sentencing court has the ability to adjust, alter, or change guidelines-computed sentences *prior* to sentencing. Generally, once a defendant's placement on the sentencing guidelines grid has been determined, the defendant can attempt to "modify" the presumptive sentence by utilizing the nonexclusive list of mitigating factors found in K.S.A. 1994 Supp. 21-4716(b)(1). The State, by the same reasoning, can attempt to "modify" the presumptive sentence by utilizing the nonexclusive list of aggravating factors found in K.S.A. 1994 Supp. 21-4716(b)(2). The court has the final decision on whether the factors submitted by the defendant or the State are substantial and compelling reasons to impose a departure. K.S.A. 1994 Supp. 21-4716(a). The motion for a departure sentence is the method for sentence modification for crimes committed after July 1, 1993.

The previous holdings concerning the timing for filing a notice of appeal under K.S.A. 1994 Supp. 22-3608 are consistent with the legislature's elimination of allowing post-sentencing motions to modify. K.S.A. 1994 Supp. 22-3608(c) no longer provides that a motion to modify extends the time to file a notice of appeal, whereas earlier, a defendant had 10 days from the denial of a motion to modify in which to file a notice of appeal. K.S.A. 22-3608(1); see *State v. Ji*, 255 Kan. 101, 103, 872 P.2d 748 (1994). A defendant whose crime was committed on or after July 1, 1993, has only 10 days from sentencing in which to appeal, without any consideration or mention of a motion to modify. K.S.A. 1994 Supp. 22-3608(c).

The district court was without the authority to entertain Bost's motion to modify his sentence.

### Downward Departure

The KSGA does not expressly state that a motion for departure must be filed prior to sentencing. However, provisions of the KSGA provide that the disposition of a departure sentence must be resolved prior to or at the sentencing hearing. K.S.A. 1994 Supp. 21-4718(a) provides that if a defendant or the State files a motion to depart, the court shall hold a hearing to consider a departure sentence. Additionally, the hearing shall be scheduled so that both parties have adequate time to prepare to argue for or against departure, and the court must issue findings of fact and conclusions of law concerning the departure within 20 days of the hearing. K.S.A. 1994 Supp. 21-4718(a)(1) and (2).

K.S.A. 1994 Supp. 21-4716(a) expressly determines the timing of a motion for a departure sentence. It states in part: "If the sentencing judge departs from the presumptive sentence, the judge shall state on the record *at the time of sentencing* the substantial and compelling reasons for the departure." (Emphasis added.) There is no authority for a sentencing court to entertain a motion for departure from the presumptive sentence after sentence is imposed.

The district court was without the authority to entertain Bost's request for a downward departure.

*Denial of downward departure*

Bost does not contest that his sentence falls within the presumptive range of nondrug grid block 5-H or that the trial court incorrectly determined the crime severity level and criminal history category. His only argument is that the trial court erred in denying his motion for downward departure by failing to consider the factors found in K.S.A. 1994 Supp. 21-4704(f). Bost does not address the jurisdiction of this court to review the denial of his motion to depart.

On the other hand, the State submits a purely statutory argument that Bost is prohibited from appealing a sentence within the presumptive range of the sentencing grid box. The State also argues it is purely discretionary for the district court to impose probation for a "border box" classification and, in this case, the court did not abuse its discretion. The State makes no reference to this court's recent decision in *State v. Myers*, 20 Kan. App. 2d 401, 888 P.2d 866 (1995).

One of the critical issues in this case regards this court's jurisdiction to review Bost's sentence under the KSGA.

Even if Bost had timely filed his motion for departure with the district court, this court has no jurisdiction to review his sentence. K.S.A. 1994 Supp. 21-4721(c) provides: "On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime."

Had Bost's sentencing grid classification fallen within the presumptive incarceration or presumptive probation portion of the sentencing grid and not the border box region, *State v. Myers* would control this case. The language of K.S.A. 1994 Supp. 21-4721(c)(1), as interpreted by *Myers*, provides that if a crime was committed on or after July 1, 1993, an appellate court shall not review an imposed sentence if that sentence is within the presumptive sentence for that crime. Although not dispositive of this case, *Myers* provides the foundation to arrive at the same result. 20 Kan. App. 2d at 403. A logical extension of *Myers* provides that this court does not have jurisdiction to consider an appeal when a

defendant's crime places him or her in one of the border boxes and the district court sentences the defendant within the presumptive range of the border box.

After a discussion of the rules of statutory interpretation and comparing similar statutes in Oregon and Washington, the *Myers* court reasoned as follows:

"To us, the language of K.S.A. 1993 Supp. 21-4721(c)(1) is clear. Neither the defendant nor the State may appeal a sentence that falls within the presumptive range, even if the trial court has denied a motion for departure. The legislative intent and wording of the statute plainly does not allow an appeal when the sentence given falls within the sentencing range (grid block) for the crime and criminal history." 20 Kan. App. 2d at 403.

The court noted that, if the trial court does decide to depart from the presumptive sentence, that departure sentence may be appealed by either the defendant or the State. 20 Kan. App. 2d at 403. The appellate court would then determine whether the sentencing court's findings of fact and reasons justifying a departure are supported by the evidence in the record and constitute substantial and compelling reasons for departure. K.S.A. 1994 Supp. 21-4721(d).

*Myers* did not concern a border box case. Myers' criminal classification placed him in nondrug grid block 5-F, thus squarely within the presumptive imprisonment portion of the grid. 20 Kan. App. 2d at 401; see K.S.A. 1994 Supp. 21-4704(a). In the case before the court, Bost's classification placed him within the border box grid block of 5-H. However, the nondrug sentencing grid denotes border boxes as neither presumptive imprisonment nor presumptive probation. K.S.A. 1994 Supp. 21-4704(a).

"A presumptive sentence under the Kansas Sentence Guidelines Act is the sentence provided in the grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history. K.S.A. 1993 Supp. 21-4703(r). A presumptive sentence includes both a presumptive duration and a presumptive disposition." *State v. Peal*, 20 Kan. App. 2d 816, Syl. ¶ 2, 893 P.2d 258 (1995).

Arguably, border box classifications carry a presumptive imprisonment sentence.

First, the sentencing guidelines provide that, if an offense is classified in a grid block above the dispositional line, the presumptive disposition is imprisonment. K.S.A. 1994 Supp. 21-4704(a), (f). A classification of 5-H is clearly above the dispositional line. See K.S.A. 1994 Supp. 21-4704(a).

Second, the Kansas Sentencing Guidelines Desk Reference Manual also provides that "[i]f an offense is classified in grid blocks 5-H, 5-I or 6-G of the nondrug grid, the sentence is presumed imprisonment." 1995 Kansas Sentencing Guidelines Desk Reference Manual, p. 24.

Therefore, a district court's rendering of a prison sentence for a defendant who falls within grid block 5-H is not a departure since the sentence in the border box is presumed imprisonment.

Third, this court recently discussed the presumptive sentence of nondrug grid block 5-I in *State v. Peal*, 20 Kan. App. 2d at 819. Peal pled guilty to charges of aggravated robbery and simple robbery. The district court sentenced Peal properly within nondrug grid block 3-E for the primary crime of aggravated robbery. Since nonprimary crimes do not have criminal history scores, the district court placed Peal within nondrug grid block 5-I for purposes of the simple robbery sentence. The court stated:

"[T]he presumptive sentence for the simple robbery is 31 to 34 months, as reflected in grid block 5-I. K.S.A. 1993 Supp. 21-4704. Grid block 5-I carries a presumptive disposition of imprisonment in this case due to K.S.A. 1993 Supp. 21-4720(b)(6), which provides: 'If the sentence for the primary crime is a prison term, the entire imprisonment term of the consecutive sentences will be served in prison.' Furthermore, a decision by the court regarding the imposition of a prison term for a crime classified in grid block 5-I is not a departure and is not subject to appeal. K.S.A. 1993 Supp. 21-4704(f)." 20 Kan. App. 2d at 819.

By the same token, the legislature has also arguably made the presumptive sentence of a border box classification to be probation. The legislature has statutorily decided that a nonprison sentence from a border box classification is not a departure sentence. "Any decision made by the court regarding the imposition of an optional nonprison sentence if the offense is classified in grid blocks 5-H, 5-I or 6-G shall not be considered a departure and shall not be subject to appeal." K.S.A. 1994 Supp. 21-4704(f). By

definition then, since the imposition of probation in a border box case is not a departure, the sentence appears inconsistent "with the presumptive sentence for an offender." K.S.A. 1994 Supp. 21-4703(f). In any event, the legislature still requires the district court to make specific findings on the record in order to impose a non-prison sentence in a border box case. K.S.A. 1994 Supp. 21-4704(f). It appears the legislature itself considers the imposition of a non-prison sentence in a border box case to be a deviation from the grid since such a sentence is an "optional nonprison sentence" and the district court must make specific findings in order to impose a nonprison sentence.

A decision that the appellate court does not have jurisdiction to consider a border box sentence that is within the presumptive range of incarceration or the presumptive range of probation complies with the sentencing guidelines established in Oregon. The Oregon Legislature appears to have anticipated the issues presently before the court. Oregon statutes, specifically Or. Rev. Stat. § 138.222(2) (1994 Supp.), state that for crimes committed after the implementation of Oregon's sentencing guidelines, the appellate court shall not review:

"(a) Any sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board.

"(b) A sentence of probation when the rules of the State Sentencing Guidelines Board prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

"(c) A sentence of imprisonment when the rules of the State Sentencing Guidelines Board prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure."

Border box classification in Kansas unquestionably falls within the language of subsections (b) or (c) of Or. Rev. Stat. § 138.222(2). As explained above, the substance of the applicable Kansas statutes is the same as the Oregon statutes. There is no jurisdiction for an appeal under the KSGA.

The bottom line is that the Kansas Legislature intended to give sentencing judges the discretion to impose incarceration or probation in border box cases and not require the court to establish substantial and compelling reasons in the form of mitigating or

aggravating factors. See K.S.A. 1994 Supp. 21-4716(b), (c). Otherwise, the case would be considered a departure and an appellate court would review the case to determine if the sentencing court's findings and reasons for departing were substantial and compelling reasons as well as supported by the evidence in the record. K.S.A. 1994 Supp. 21-4721(d); see *State v. Howard*, 20 Kan. App. 2d 252, 253, 885 P.2d 1273 (1994). As such, the imposition of incarceration or probation in a border box case is the imposition of the presumptive sentence for purposes of appeal. This decision would not prohibit a defendant from appealing a durational departure under K.S.A. 1994 Supp. 21-4703(i).

Therefore, when a defendant's sentencing grid classification falls within the 5-H nondrug grid block or any border box, there does not initially appear to be a presumptive sentence. In actuality, a border box classification can be both presumptive imprisonment or presumptive probation, and the trial court is given full discretion to decide which to impose. This argument coincides with the fact that neither an imprisonment nor a probation sentence within their respective ranges is a departure. See K.S.A. 1994 Supp. 21-4704(a), (f).

Appellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the range of the appropriate border box classification; such sentence of imprisonment or probation is the "presumptive" sentence for purposes of appeal and is not subject to appellate review. K.S.A. 1994 Supp. 21-4704(a) and (f).

The presumptive imprisonment term for grid block 5-H on the nondrug sentencing grid is 34 to 38 months. K.S.A. 1994 Supp. 21-4704(a). The presumptive or "recommended" nonimprisonment (probation, community corrections) term for a severity level 5 crime is 36 months. K.S.A. 1994 Supp. 21-4611(c)(1)(A). The 36 months of incarceration Bost received was the middle-range imprisonment sentence. Because the sentence is within the presumptive sentence range, this court is without jurisdiction to review the sentence unless it was the result of partiality, prejudice, oppression, or corrupt motive or the court erred in ranking the se-

verity level of the crime or in calculating the defendant's criminal history. See K.S.A. 1994 Supp. 21-4721(e); see also *State v. Starks*, 20 Kan. App. 2d 179, 885 P.2d 387 (1994) (appellate review proper for a claim of partiality or prejudice). None of those things are alleged in this case.

As succinctly stated in *Myers*, "[t]he appeal attempted herein is precisely the type of an appeal which is not permitted by the KSGA. Appellate courts do not have jurisdiction to consider appeals of this nature." 20 Kan. App. 2d at 404. The same is true here.

Appeal dismissed.