(924 P.2d 648)

No. 76,163

STATE OF KANSAS, *Appellee*, v. ROBERT G. CERNECH, *Appellant*.

Opinion filed October 4, 1996.

*Reid T. Nelson*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Rex L. Lane*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., ROYSE and GREEN, JJ.

PIERRON, J.: Robert G. Cernech appeals his sentence for involuntary manslaughter, claiming that the district court initially pronounced a sentence of probation and later imposed a prison sentence. We affirm.

The facts are as follows. Cernech drove a vehicle left of center and hit another vehicle, killing the other driver. Cernech had an open container of alcohol in his vehicle and a blood alcohol concentration of .23. He pled no contest to involuntary manslaughter and driving under the influence of alcohol (DUI).

The district court pronounced the following sentence for Cernech's involuntary manslaughter conviction:

"[T]he Court finds that you should be sentenced to the custody of the Secretary of Corrections on the felony charge of involuntary manslaughter to a term of 32 months, which is [a] mid range sentence. This is a border box offense[.] [U]nder the circumstances the Court finds that of that sentence before probation can be considered that the defendant should serve a period of thirty days in the jail of Jefferson County, Kansas, and then be reviewed for probation."

The district court also imposed a 90-day sentence for the DUI conviction but granted parole on part of that sentence and ordered Cernech to serve a 5-day prison term to run consecutive to the preliminary 30-day term for the involuntary manslaughter convic-

tion, after which the district court would consider granting probation.

The court explained that alcohol treatment and abstention from alcohol would be conditions of Cernech's probation. The court concluded the sentencing hearing as follows:

"He is remanded to the custody of the sheriff to commence serving the sentence, and it will be a total of thirty five days. If [the defendant's attorney] can work out a work release I'll consider it, . . . but that may not be practical, I don't know. But he is to serve the thirty five days. [A probation officer] will be in touch with you regarding the probation that's available after that period of time, but a condition of that probation like I said, Mr. Cernech, is that you have to complete this after care program, and you have to forever abstain from drinking alcohol again, because you don't want this to happen again, I'm sure."

The district court later considered granting Cernech probation in lieu of ordering him to serve his presumptive sentence. Defense counsel noted that he had arranged for an alcohol treatment program for Cernech and asked the court to grant probation and to order Cernech to participate in the treatment program in lieu of serving the remainder of the presumptive prison sentence.

Before addressing the probation issue, the district court made the following statement concerning its prior pronouncement of sentence:

"After I pronounced sentence, it was the court's understanding that this matter would be reviewed for probation but I lapsed off into a—essentially obiter dictum, which would be attendant normally to a presumptive probation case and . . . I didn't intend to do that[.] I certainly regret any confusion or false hope or dismay that I caused. [I was dealing] specifically with a border box dialogue after I pronounced sentence."

The district court then stated it had received a report from the alcohol treatment facility expressing doubts as to Cernech's motivation for effective treatment and also noted a prior DUI for which Cernech had received a diversion. Based on these two factors, the district court denied Cernech's application for probation.

Cernech argues that the district court pronounced a sentence of probation for the involuntary manslaughter conviction and, without legal authority, subsequently modified the sentence to a prison term. This court is in a position to review de novo the record con-

cerning the substance of the pronouncement of sentence. See *Kneller v. Federal Land Bank of Wichita*, 247 Kan. 399, 400, 799 P.2d 485 (1990) (reviewing a decision based on documentary evidence de novo).

As we read the facts, the court pronounced the 32-month sentence and then stated, "[B]efore probation can be considered . . . the defendant should serve a period of thirty days in the jail of Jefferson County, Kansas, and then be reviewed for probation." The court proceeded to outline what the conditions of such a probation would be.

The State correctly points out that in order for a court to impose a nonprison sentence in the border box context, the court must make findings on the record that an appropriate treatment facility exists as a more effective method than prison for reducing the risk of the offender's recidivism and that either the offender can be placed in such a program in a reasonable time or nonimprisonment will promote the offender's reformation. K.S.A. 21-4704(f)(1)-(3). That was not done.

Here, the district court based its denial of probation in part on a finding contrary to those required by statute to justify probation. The court found that Cernech lacked the requisite motivation for an alcohol treatment program. Along with the language of the pronouncement of sentence, this finding indicates that Cernech's claim that the district court granted him probation is without merit.

Although the court's intention is clear, there is a problem with the way it proceeded.

In *State v. Bost*, 21 Kan. App. 2d 560, 571, 903 P.2d 160 (1995), the court held that under K.S.A. 21-4704(f), "a border box classification can be [either] presumptive imprisonment or presumptive probation, and the trial court is given full discretion to decide which to impose." More generally, if a conviction carries a presumptive prison sentence, the sentencing court may impose such a prison sentence. K.S.A. 21-4603d(a)(1). If the sentence falls within a presumptive nonprison category, the sentencing court may release the defendant on probation; the court can order the defendant to serve up to 30 days in the county jail as a condition of probation. K.S.A. 21-4603d(a)(3). K.S.A. 21-4603d(a)(9) provides that a court may

"impose any appropriate combination" of the various authorized dispositions.

The two statutes deal with presumptive prison and presumptive nonprison sentences in the alternative. Only the nonprison sentencing scheme of 21-4603d(a)(1) provides for a preliminary 30-day sentence. The more reasonable reading of these two statutes in the border box context is that a court must exercise its discretion to impose either a presumptive prison or presumptive nonprison sentence up front. At that moment, the court either grants or does not grant probation. If the court grants probation, the court may impose a 30-day jail term as a condition of that probation.

Here, the district court imposed a 30-day jail term in order to provide an opportunity to evaluate Cernech and to advise the court as to the likelihood of his success in the program. Thus, the district court attempted to fashion an order to give itself ample opportunity to achieve the objectives of K.S.A. 21-4704(f) by comparing the offender's potential for rehabilitation in both prison and nonprison settings. The statutory sentencing scheme governing this case, however, does not appear to provide for the process the judge fashioned. A sentence which does not conform to the applicable statutes is illegal. *State v. Ruff*, 252 Kan. 625, 628, 847 P.2d 1258 (1993).

Cernech did not challenge the legality of the sentence in district court and does not argue on appeal that his sentence is illegal. "An issue which is not briefed is deemed abandoned." *State v. Wacker*, 253 Kan. 664, 670, 861 P.2d 1272 (1993). An appellate court, however, may address such an issue in exceptional circumstances in order to serve the interests of justice or to prevent a denial of fundamental rights. *State v. McIver*, 257 Kan. 420, 433, 902 P.2d 982 (1995).

By ordering Cernech to serve 30 days in jail and deferring its decision either to grant probation or to impose a presumptive prison sentence, the district court essentially tried to strike a compromise between the two statutory alternatives. We do not believe that can be done. Had the court wished to have the evaluation before deciding whether to grant probation, the appropriate ap-

proach would have been to continue sentencing until all necessary reports were completed.

Under the fact of this case, we believe the following occurred. The court clearly indicated Cernech would serve his sentence unless it could be shown he was amenable to treatment. He apparently was not amenable and was therefore denied probation.

While the 30-day sentence was not possible if probation had not yet been granted, Cernech was not prejudiced. Had probation been granted, there is no question the 30-day sentence would have been appropriate. If probation was not granted, Cernech was going to be incarcerated anyway, and he would receive credit for all time served. We also note that had Cernech felt aggrieved at the time of the 30-day sentence being imposed without the clear grant of probation, a habeas corpus action would have been available to test his confinement.

As was stated above, the court had not made the necessary findings to grant probation at the time of the 30-day sentence imposition. Any such ruling would have been properly challenged on that ground on appeal by the State.

While the timing of the district court's sentencing was not correct, the decision reached was supported by what the court had before it to consider, and Cernech was not prejudiced. We see no need for further proceedings.

Affirmed.