(953 P.2d 1058)
No. 78,223

STATE OF KANSAS, *Appellee*, v. JAMES M. COLBERT, *Appellant*.

Opinion filed January 30, 1998.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., PIERRON and KNUDSON, JJ.

PIERRON, J.: At sentencing for one count of simple robbery, the parties agreed that James M. Colbert's criminal history category was H and his offense was a severity level nondrug 5. Therefore, Colbert fell into the Kansas Sentencing Guidelines Act (KSGA) nondrug grid block 5-H, a so-called "border box."

Colbert requested that the district court impose the nonprison option available in border box cases of sending him to Labette County Conservation Camp. The district court denied the request. The judge noted:

"I don't see any substantial and compelling reason to place Mr. Colbert at Labette. *And I find that there has to be a substantial and compelling reason* because a handgun was used in this offense, even though the plea was to a straight robbery, and I'll decline to place him at Labette . . . ." (Emphasis added).

The court was apparently referring to the presumptive imprisonment provision for the use of a firearm in K.S.A. 21-4704(h).

After the sentence was imposed, Colbert attempted to make an argument to the court. The court interrupted and stated: "If you want to make an argument, you can file a motion to reconsider and reduce it to writing."

Colbert does not dispute that he falls within the KSGA border box of 5-H, or that his imposed sentence is a presumptive sentence under the KSGA. He argues the district court erred in finding that it needed substantial and compelling reasons to grant the optional nonprison sanction available.

A sentence that is within the presumptive sentence for the crime will not be disturbed on appeal unless it is shown that the district court abused its discretion; the sentence was the result of partiality, prejudice, oppression, or corrupt motive; or the sentence is an illegal sentence. See *State v. McCallum*, 21 Kan. App. 2d 40, Syl. ¶ 4, 895 P.2d 1258, *rev. denied* 258 Kan. 862 (1995).

In KSGA border box cases, the sentence is presumed imprisonment, but the court *may* impose an optional nonprison sentence upon making specified findings on the record. K.S.A. 21-4704(f)(1)-(3). Under K.S.A. 21-4704(f) and (h), the district court need not find substantial and compelling reasons to impose a nonprison sentence; rather, the court has the option, if the specified findings exist, to impose the nonprison sanction.

The district court incorrectly viewed and applied the law by finding that substantial and compelling reasons must exist to grant the optional nonprison sanction available under KSGA nondrug grid block 5-H. *State v. Bost*, 21 Kan. App. 2d 560, 570-71, 903 P.2d 160 (1995), notes: "[T]he Kansas Legislature intended to give sentencing judges the discretion to impose incarceration or probation in border box cases and does not require the court to establish substantial and compelling reasons in the form of mitigating or aggravating factors." The same interpretation applies to the nonprison option of K.S.A. 21-4704(h).

Further, Colbert correctly asserts the district court erred in ordering him to assert any sentencing arguments in a motion to reconsider. During sentencing is the time for sentencing argu-

ments. Also, the district court lacks jurisdiction to change a KSGA sentence on reconsideration unless it is an illegal sentence. See *State v. Miller*, 260 Kan. 892, 894, 926 P.2d 652 (1996). However, due to our remand for reconsideration of the sentence, this issue is moot.

We therefore vacate the sentence imposed and remand for sentencing consistent with this opinion.