(43 P.3d 835)

No. 86,440

STATE OF KANSAS, *Appellee*, v. JASON L. TISDALE, *Appellant.*

Opinion filed April 5, 2002.

*Sarah Ellen Johnson* and *Rebecca E. Woodman*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., PIERRON and BEIER, JJ.

PIERRON, J.: Jason L. Tisdale appeals his conviction for one count of aggravated battery, a severity level 7 person felony, in violation of K.S.A. 21-3414(a)(1)(B). Tisdale argues his sentence violates *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), and that his conviction is not supported by sufficient evidence. We affirm.

At the time of the incidents in this case, Tisdale had been out of prison for approximately one week and was living with the victim, Karla Ray. Ray testified she and Tisdale got into an argument and he repeatedly hit her in the head and body. She blacked out twice as a result of being choked by Tisdale.

Tisdale was arrested and charged with one count of aggravated battery. Tisdale waived his right to a jury trial and was convicted by the trial court as charged. Tisdale fell within the presumption probation section on the sentencing guidelines grid, with a presumptive sentencing range of 25-27-29 months. Because Tisdale was on parole at the time of the incident, the trial court sentenced him to 27 months' incarceration.

First, Tisdale argues his dispositional departure sentence is unconstitutional based on *Gould*, 271 Kan. 394, and its application of

*Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

K.S.A. 2001 Supp. 21-4603d(f) (formerly 21-4603d[11]) specifically provides for the imposition of an incarceration sentence when the current crime is committed while the offender is on parole. In such a case, "imposition of a prison sentence for the new crime does not constitute a departure." Consequently, Tisdale did not receive a departure sentence. *Gould* and *Apprendi* do not apply.

In light of this, it is unnecessary to address whether Tisdale's waiver of a jury trial also waived his right to a trial on the aggravated sentencing factors.

Last, Tisdale argues there was insufficient evidence to support his conviction for aggravated battery. He contends the lack of physical evidence and the victim's actions after the battery negate any possibility that she was choked in a manner that was likely to cause great bodily harm, disfigurement, or death.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Jasper*, 269 Kan. 649, 655, 8 P.3d 708 (2000).

K.S.A. 21-3414(a)(1)(B) required that the State prove Tisdale unlawfully and intentionally caused bodily harm to Karla Ray by choking her in manner whereby great bodily harm, disfigurement, or death could be inflicted.

Tisdale acknowledges Ray's testimony that she blacked out twice during the incident, but argues that evidence alone was insufficient to prove his actions could have resulted in death or great bodily harm. He also acknowledges the evidence was sufficient to prove he put his hand or hands on Ray's throat, but he contends the evidence did not establish that he did so with the force necessary to cause death or great bodily harm. Tisdale argues the lack of physical evidence of the choking, Ray's ability to drive shortly after the incident, and her refusal of medical attention defy a finding that his actions were likely to result in death or great bodily harm. We disagree.

Considering all the evidence in the light most favorable to the State, we are convinced that a rational factfinder could find Tisdale guilty beyond a reasonable doubt. *Jasper*, 269 Kan. at 655. Ray was strangled to the point where she blacked out twice. Ray also testified she had trouble swallowing for a couple days. Ray also received injuries to her arms, and Tisdale's punches resulted in the left side of her face being swollen. Tisdale clearly acted in a manner whereby great bodily harm, disfigurement, or death could have been inflicted. As the State points out: "It was not necessary that Karla receive bruises to her neck, medical attention, a hospital visit or teeter on the brink of death in order to firmly establish the defendant's guilt." We will not reweigh the evidence or pass on the credibility of the witnesses. *State v. Orr*, 262 Kan. 312, 322, 940 P.2d 42 (1997).

Affirmed.