No. 87,691

STATE OF KANSAS, *Appellee*, v. JONATHAN DEWAYNE GARCIA, *Appellant.*

(56 P.3d 797)

Opinion filed October 25, 2002.

*J. Patrick Lawless*, acting chief appellate defender, argued the cause and was on the briefs for appellant.

*Edmond D. Brancart*, county attorney, argued the cause, and *Keri A. Kish*, assistant county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: Jonathan DeWayne Garcia appeals his sentences following a no contest plea to aggravated battery and incitement to riot.

The issues are whether: (1) the fact that Garcia's crimes were gang related under K.S.A. 2001 Supp. 21-4704a(k) must be proven to a jury beyond a reasonable doubt before that fact can be used to impose a prison term rather than probation, (2) the district court erred in failing to make adequate findings on the record to support imposition of a prison term under K.S.A. 2001 Supp. 21-4704a(k), and (3) there was sufficient evidence to support the district court's conclusion that Garcia's crimes were gang related.

Our jurisdiction arises from a transfer on our motion under K.S.A. 20-3018(c).

We affirm the district court's conclusion that *Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), does not apply to a prison sentence imposed under K.S.A. 2001 Supp. 21-4704a(k). We vacate Garcia's sentences on the basis that

the district court failed to make adequate findings on the record as required by K.S.A. 2001 Supp. 21-4704a(k). Because we vacate Garcia's sentences and remand for resentencing, we do not reach the sufficiency of the evidence issue.

## FACTS

Garcia was arrested, along with Charles Sanchez, for Garcia's involvement in the beating of four men in Dodge City. Garcia was charged with four counts of aggravated battery, aggravated robbery, aggravated intimidation of a witness or victim, and incitement to riot. After a preliminary hearing, Garcia agreed to plead no contest to one count of aggravated battery, a severity level 7 felony, and one count of incitement to riot, a severity level 8 felony, in exchange for the dismissal of the remaining charges.

Garcia's criminal history score of G, combined with the severity level of his crimes, placed him in sentencing box 7-G for the aggravated battery and box 8-G for the incitement to riot. The sentencing guidelines called for presumptive probation for both offenses, with underlying sentencing ranges of 15-16-17 months for the aggravated battery and 9-10-11 months for the incitement to riot. See K.S.A. 2001 Supp. 21-4704a(a).

The district court imposed a 16-month prison term for the aggravated battery conviction to run consecutive to an 8-month prison term for the incitement to riot conviction.

## DISCUSSION

Garcia argues that the fact the crimes were gang related, as set forth in K.S.A. 2001 Supp. 21-4704a(k), must be proven to a jury beyond a reasonable doubt before that fact can be used to impose a prison term rather than probation. Garcia argues that because the district court here made the required finding by a preponderance of the evidence, his sentence violates *Apprendi* and must be vacated.

Garcia's argument requires interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, and is a question of law subject to unlimited review. See *State v. Crow*, 266 Kan. 690, 694, 974 P.2d 100 (1999).

K.S.A. 2001 Supp. 21-4704a(k) states, in pertinent part:

"If it is shown at sentencing that the offender committed any felony violation for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members, the offender's sentence shall be presumed imprisonment. Any decision made by the court regarding the imposition of the optional nonprison sentence shall not be considered a departure and shall not be subject to appeal."

*Apprendi* held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001), we applied *Apprendi* to Kansas' scheme for imposing upward departure sentences under K.S.A. 2001 Supp. 21-4716. We concluded that because the statute allows the district court to impose a sentence beyond the statutory maximum based upon a court finding of certain aggravating factors made by a preponderance of the evidence, the statute is unconstitutional on its face and void. 271 Kan. at 413-14.

In *State v. Carr,* 274 Kan. 442, 53 P.3d 843 (2002), we considered whether *Apprendi* applies to upward dispositional departures under the KSGA. The majority reasoned that "[p]robation and parole are dispositions alternate to the serving of a sentence, and neither probation nor parole increases or decreases the sentence required to be imposed by statute." 274 Kan. 442, Syl. ¶ 3. A majority concluded that because imposition of a prison term in a presumptive probation case does not increase the sentence beyond the statutory maximum, *Apprendi* does not apply to dispositional departures under K.S.A. 2001 Supp. 21-4716. 274 Kan. at 452.

The question here becomes whether the district court's conclusion that Garcia's crimes were gang related, triggering a presumptive prison sentence, increased the penalty for his crimes beyond the statutory maximum. The answer is "No."

We have not had occasion to apply *Apprendi* to K.S.A. 2001 Supp. 21-4704a(k). However, *State v. Dean,* 273 Kan. 929, 46 P.3d 1130 (2002), considered whether a prison term imposed under K.S.A. 2001 Supp. 21-4603d(f), where the guidelines otherwise

called for presumptive probation, was unconstitutional based on *Apprendi.*

K.S.A. 2001 Supp. 21-4603d(f) states, in pertinent part:

"When a new felony is committed while the offender . . . is on probation, assignment to a community correctional services program, parole, conditional release, or postrelease supervision for a felony, . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

In *Dean,* we reasoned:

"A 'departure' is a sentence which is inconsistent with the presumptive sentence. K.S.A. 21-4703(f). Because Dean's K.S.A. 2001 Supp. 21-4603d(f) prison sentence is not considered a departure, it is a presumptive sentence. As such, Dean's prison sentence does not exceed the statutory maximum punishment for his crime, and *Apprendi* does not apply." 273 Kan. at 935-36.

The Court of Appeals, faced with the issue we addressed in *Dean,* came to a like conclusion in *State v. Tisdale,* 30 Kan. App. 2d 524, 525, 43 P.3d 835, *rev. denied* 274 Kan. 1118 (2002):

"K.S.A. 2001 Supp. 21-4603d(f) (formerly 21-4603d[11]) specifically provides for the imposition of an incarceration sentence when the current crime is committed while the offender is on parole. In such a case, 'imposition of a prison sentence for the new crime does not constitute a departure.' Consequently, Tisdale did not receive a departure sentence. *Gould* and *Apprendi* do not apply."

Garcia counters that *Dean* and *Tisdale* are distinguishable on the basis of the nature of the factual findings required to trigger the presumptive prison term. Under K.S.A. 2001 Supp. 21-4603d(f), the fact involved—whether a crime was committed while the offender was on probation, parole, postrelease, etc.— is fairly concrete and easy to verify. The fact that a crime is gang related, on the other hand, is more difficult to prove in that it requires something more than a look at the defendant's criminal history and presentence investigation (PSI) report.

K.S.A. 2001 Supp. 21-4704a(k) provides that gang-related crimes call for presumptive prison sentences. The district court here, upon finding that the crimes were gang related, imposed a presumptive prison term. Following the reasoning of *Carr, Dean,* and *Tisdale,* the prison terms imposed here do not exceed the

statutory maximum punishment for Garcia's crimes, and *Apprendi* does not apply. See *State v. Beasley* (No. 87,786, this day decided) (holding *Apprendi* does not apply to K.S.A. 2001 Supp. 21-4704a[h]).

### Findings under K.S.A. 2001 Supp. 21-4704a(k)

Garcia next contends that the district court failed to make adequate findings on the record to support imposition of a prison term based on the fact that Garcia's crimes were gang related. We agree.

Garcia's PSI report indicated that the provisions of K.S.A. 2001 Supp. 21-4704a(k) applied to both of his crimes, subjecting him to presumptive prison terms for each. Before sentencing, Garcia and the State filed separate briefs in the district court on the application of *Gould* to K.S.A. 2001 Supp. 21-4704a(k). After a hearing, the district court concluded that a prison sentence imposed under 21-4704a(k) did not amount to an upward departure sentence; thus, the statute was not affected by *Gould*. The district court deferred a decision on whether to impose a prison term in Garcia's case, referencing 21-4704a(k).

The district court held a second sentencing hearing approximately 2 weeks later. Five witnesses testified on behalf of Garcia, including Sanchez, Garcia's mother, an acquaintance of Garcia's who was affiliated with another gang, Garcia's pastor, and the pastor's wife. After hearing the testimony, the district court made the following comments:

"Mr. Garcia, I have been involved with this case from quite early on. I heard the preliminary hearing. I dealt with the Charles Sanchez case also. The preliminary hearing itself took a great deal of time. The transcript was very large. It contained a great deal of information much of [which] I've reviewed again. I'm hearing some comparisons of your case to Mr. Sanchez's case and there are some similarities, there's also some differences.

"Initially what I'm going to do here is I'm going to sentence a control of 16 months on aggravated battery that is the first count. I'm going to sentence you to eight months on incite to riot count, which is the second count and I run them consecutively. The issue is whether to grant probation or to order you [to] serve time. With Mr. Sanchez's case one other difference is the fact that I had dual recommendation[s] from both parties. I don't have that here, not [that] that's ever controlling, but it is a factor that I do look at. During the course of his pre-sentence and most part what I read about him I did not seem to be given deceptive state-

ments until today. I say that in light of everything that I've read and heard about this case.

"Judging his testimony today I find it to be deceptive and I'm not really very happy about that, but out of your mouth I find to be deceptive and I don't appreciate that your house has been a gang house as has been testified to here today for quite some time. It's been the siting of many drive-by shootings. The leadership of this LCC gang seems to have rested certainly in times with your family. It's been an ongoing problem of violence within this community that has not yet abated.

"The situation to these cases to be filed were some horrible beatings of some young men from Guatemala. The night that occurred, according to your statement, you were drinking, you went to a club, you were getting faded, which I [assume is] getting drunk, some of your acquaintances were acting up and so you decided to leave. Much of the rest of what you write in here about being at Jessica's house when this beating took place and certainly seems to which I've read about this case.

"I've heard the testimony of Mr. Mathews about you getting the Lord that that has been an important part of your shield. I certainly hope that is the case 'cause I think a person can take what they learned from and they can utilize and it can make them a better person. At the same time if you're doing what I see you being convicted of and trying to profess a deep religious belief, I see some deep contradictions there.

"I'm going to order, Mr. Garcia, that you serve at the Department of Corrections."

Garcia points out that the district judge at the second sentencing hearing neither mentioned K.S.A. 2001 Supp. 21-4704a(k) nor made a specific finding that Garcia's crimes were committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members." The State counters that the language of K.S.A. 2001 Supp. 21-4704a(k) does not require that specific findings be made at sentencing in order to impose a presumptive prison sentence. The State further points out that the district court later made its intentions clear by marking the "crime committed for the benefit of a criminal street gang" box on the journal entry of sentencing.

Again, interpretation of the KSGA is a question of law subject to plenary review. *Crow,* 266 Kan. at 694.

K.S.A. 2001 Supp. 21-4704a(k) states, in part:

*"If it is shown at sentencing* that the offender committed any felony violation for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members, *the offender's sentence shall be presumed imprisonment."* (Emphasis added.)

There are no appellate decisions interpreting 21-4704a(k). Thus, we look to other sentencing statutes within the KSGA to observe the findings required in analogous sentencing situations.

K.S.A. 2001 Supp. 21-4716(a) states:

"The sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines for crimes committed on or after July 1, 1993, unless the judge finds substantial and compelling reasons to impose a departure. If the sentencing judge departs from the presumptive sentence, *the judge shall state on the record at the time of sentencing* the substantial and compelling reasons for the departure." (Emphasis added.)

In *State v. Whitesell,* 270 Kan. 259, 13 P.3d 887 (2000), Whitesell argued that the district court, in merely referencing the State's motion to support a departure sentence, failed to make adequate findings under K.S.A. 1999 Supp. 21-4716(a). We agreed, concluding that where the district court fails to articulate reasons for imposing a departure under 21-4716, the sentence must be vacated and remanded for resentencing. 270 Kan. at 294.

In *State v. Mares,* 20 Kan. App. 2d 971, 893 P.2d 296, *rev. denied* 257 Kan. 1094 (1995), Mares argued that the district court erred in failing to make specific findings on the record to explain its *rejection* of his motion for downward departure. The Court of Appeals held that the district court was not required to make specific findings in support of its refusal to depart. 20 Kan. App. 2d at 972.

We find consideration of the provisions of K.S.A. 2001 Supp. 21-4704a(f) regarding border box sentences under the KSGA helpful. The statute says:

"Each grid block states the presumptive sentencing range for an offender whose crime of conviction and criminal history place such offender in that grid block. If an offense is classified in a grid block below the dispositional line, the presumptive disposition shall be nonimprisonment. If an offense is classified in a grid block above the dispositional line, the presumptive disposition shall be imprisonment. If an offense is classified in grid blocks 5-H, 5-I or 6-G [border boxes], the court

may impose an optional nonprison sentence upon making the following findings on the record:

.  .  .  .

"Any decision made by the court regarding the imposition of an optional nonprison sentence if the offense is classified in grid blocks 5-H, 5-I or 6-G shall not be considered a departure and shall not be subject to appeal."

In *State v. Clark,* 21 Kan. App. 2d 697, 907 P.2d 898 (1995), *rev. denied* 259 Kan. 928 (1996), Clark argued that the district court erred in failing to make specific findings on the record to support imposition of a prison sentence in a border box case. The Court of Appeals reasoned that a prison sentence imposed in a border box case is a presumptive sentence for purposes of appeal. According to *Mares,* a district court is not required to make specific findings of fact when it imposes a nondeparture sentence. Thus, the Court of Appeals concluded, the district court was not required to make specific findings of fact when it imposed a nondeparture prison sentence on Clark. 21 Kan. App. 2d at 700-01.

In *State v. Colbert,* 24 Kan. App. 2d 756, 953 P.2d 1058 (1998), Colbert argued that the district court erred in concluding that it was required to impose a prison term under 21-4704(h) unless there were substantial and compelling reasons not to do so. The Court of Appeals held:

"The district court incorrectly viewed and applied the law by finding that substantial and compelling reasons must exist to grant the optional nonprison sanction available under KSGA nondrug grid block 5-H. *State v. Bost,* 21 Kan. App. 2d 560, 570-71, 903 P.2d 160 (1995), notes: '[T]he Kansas Legislature intended to give sentencing judges the discretion to impose incarceration or probation in border box cases and does not require the court to establish substantial and compelling reasons in the form of mitigating or aggravating factors.' The same interpretation applies to the nonprison option of K.S.A. 21-4704(h)." 24 Kan. App. 2d at 757.

The State, without citing *Mares, Clark,* or *Colbert,* argues that because the district court here imposed a presumptive sentence, it did not need to make specific factual findings to support its decision. This logic, however, ignores the fact that the presumptive prison sentence arises only "[i]*f it is shown at sentencing*" that the defendant committed the crime "for the benefit of, at the direction

of, or in association with any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members." (Emphasis added.) K.S.A. 2001 Supp. 21-4704a(k).

The language of the statute contains an explicit statement of the showing required to trigger the presumptive prison sentence, including the defendant's "specific intent" to promote or assist certain conduct by gang members. Further, 21-4704a(k) contains a detailed definition of a criminal street gang, which is

"any organization, association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more person felonies or felony violations of the uniform controlled substances act . . . which has a common name or common identifying sign or symbol, whose members, individually or collectively engage in or have engaged in the commission, attempted commission, conspiracy to commit or solicitation of two or more person felonies or felony violations of the uniform controlled substances act . . . or any substantially similar offense from another jurisdiction."

A district court, in determining whether the provisions of K.S.A. 2001 Supp. 21-4704a(k) apply, has many things to consider: (1) whether the crime was committed to benefit the gang, was committed at the direction of the gang, or was committed in association with the gang; (2) whether the defendant had the specific intent to promote, further, or assist in crimes by gang members; and (3) whether the gang involved qualifies as a "criminal street gang" based on the makeup of its members and their activities.

The legislature created an exacting fact-sensitive trigger to the presumptive prison sentence provided by K.S.A. 2001 Supp. 21-4704a(k). For the legislature to outline the required showing with such specificity, yet not require that the district court state on the record whether, let alone how, the showing was made makes little sense.

Here, the State admits that the district court at the second sentencing hearing did not mention K.S.A. 2001 Supp. 21-4704a(k). At neither sentencing hearing did the district court find that Garcia's crimes were committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members," nor did it make a finding that the gang in question met

the definition of a criminal street gang. The State suggests that these facts were "obvious" from the record in this case. This suggestion is of little comfort to a reviewing court. See *State v. Salcido-Corral,* 262 Kan. 392, 415, 940 P.2d 11 (1997) (appellate courts will not review the record for aggravating factors which might have justified departure under 21-4716 but which the district court failed to articulate).

The district court failed to make findings on the record consistent with those outlined in K.S.A. 2001 Supp. 21-4704a(k). Garcia's prison sentences are vacated. On remand, the district court is given the opportunity to make the proper findings and reimpose the same sentences if appropriate. See *State v. Peterson,* 25 Kan. App. 2d 354, 358, 964 P.2d 695, *rev. denied* 266 Kan. 1114 (1998).

Affirmed in part, reversed in part, and remanded for resentencing.

LARSON, S.J., assigned.

SIX, J., concurring: I continue to adhere to the *Apprendi* analysis expressed by my dissent in *State v. Carr,* 274 Kan. 442, 53 P.3d 843 (2002). However, I recognize my analysis did not persuade a majority of this court. This court's opinion in *Carr* controls the first issue here.