NOT DESIGNATED FOR PUBLICATION

No. 121,727

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH JOHN BAKER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Clark District Court; E. LEIGH HOOD, judge. Opinion filed August 21, 2020. Appeal dismissed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Clay A. Kuhns*, special assistant county attorney, *Allison D. Kuhns*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: The sentence for a person felony conviction involving the use of a firearm in Kansas is presumed imprisonment. Joseph John Baker timely appeals his consecutive sentences of imprisonment for two counts of aggravated assault. He argues the district court's finding under K.S.A. 2019 Supp. 21-6804(h) that he used a firearm in the commission of his crimes violated his constitutional rights as described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Because Baker received constitutionally permissible presumptive sentences, we have no jurisdiction over his appeal and dismiss it.

1

FACTS

In May 2019, Baker pled no contest to two counts of aggravated assault, each a severity level 7 person felony with a presumptive sentencing range of 11, 12, or 13 months for each count based on his criminal history score of I. See K.S.A. 2019 Supp. 21-6804(a). At sentencing, Baker admitted under oath he fired a gun in the air twice while committing his crimes. The district court then applied K.S.A. 2019 Supp. 21-6804(h) to find Baker committed both crimes with a firearm. The use of a firearm changed the disposition of his crimes to presumptive imprisonment. The district court sentenced Baker to consecutive 11-month prison sentences totaling 22 months.

ANALYSIS

*K.S.A. 2019 Supp. 21-6804(h) does not require a jury determination.*

Baker argues the fact he committed his crimes with a firearm must be proven to a jury beyond a reasonable doubt before the fact can be used to impose a prison term under K.S.A. 2019 Supp. 21-6804(h) rather than probation. He claims because the district judge—rather than a jury—made the factual finding based on his admission at sentencing, his constitutional rights as described in *Apprendi* were violated and his sentence must be vacated.

Both parties agree Baker received a presumptive sentence. See K.S.A. 2019 Supp. 21-6804(h). Under K.S.A. 2019 Supp. 21-6820(c)(1), however, "the appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime." This restriction is significant because Kansas appellate courts have not recognized a constitutional right to an appeal; the right to appeal in Kansas is limited by statute. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). But Baker argues we can still review

2

the narrow issue of whether the statute which triggered his presumptive prison sentence—K.S.A. 2019 Supp. 21-6804(h)—is unconstitutional.

Our Supreme Court has considered constitutional attacks on direct appeal even where the defendant received a presumptive sentence. In *State v. Johnson*, 286 Kan. 824, 841-42, 190 P.3d 207 (2008), our Supreme Court addressed the merits of whether the district court's discretion to impose a sentence of the upper grid box term without requiring additional fact-finding by a jury violated *Apprendi* before it ultimately held the defendant's constitutionally permissible sentence could not be appealed under K.S.A. 21-4721(c)(1) (now K.S.A. 2019 Supp. 21-6820[c][1]). But in *State v. Huerta*, 291 Kan. 831, 247 P.3d 1043 (2011), the court distinguished the reviewability of *Johnson*-type constitutional challenges to a sentencing statute itself from challenges to a statute as it was applied to the defendant. *Huerta* recognized that while courts such as *Johnson* reached the merits of the constitutional question, as-applied constitutional challenges to a presumptive sentence are not reviewable. *Huerta*, 291 Kan. at 839-40; see *State v. Hinnenkamp*, 57 Kan. App. 2d 1, 4, 446 P.3d 1103 (2019) (explaining difference between facial and as-applied constitutional challenges), *petition for rev. filed* August 2, 2019.

Here, Baker argues K.S.A. 2019 Supp. 21-6804(h) is both unconstitutional on its face and as it was applied to him. But Baker concedes *Huerta* prevents us from reviewing his as-applied challenge to K.S.A. 2019 Supp. 21-6804(h) on appeal. Although he claims this aspect of *Huerta* was wrongly decided, our Supreme Court has not overruled its decision, nor has it indicated its intent to do so. Thus, we are duty-bound to follow *Huerta*'s precedent, and we will not address Baker's as-applied challenge to the statute on appeal. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). However, under *Johnson*, we may first consider Baker's facial challenge to K.S.A. 2019 Supp. 21-6804(h) before determining if we have jurisdiction to review his sentences. See 286 Kan. at 842; *State v. Billoups*, No. 120,040, 2020 WL 1969356, at *18 (Kan. App.)

(unpublished opinion) (finding appellate court may address merits of facial constitutional challenge to sentence before ruling on jurisdiction), *petition for rev. filed* May 20, 2020.

Baker did not raise a facial challenge to K.S.A. 2019 Supp. 21-6804(h) before the district court. Generally, we do not address constitutional issues raised for the first time on appeal. But one exception to this rule is when consideration of the argument is necessary to prevent the denial of fundamental rights. *State v. Hirsh*, 310 Kan. 321, 338, 446 P.3d 472 (2019). Baker correctly argues that his newly raised *Apprendi* argument fits squarely within this exception because *Apprendi* protects the fundamental right to a jury trial. See *Apprendi*, 530 U.S. at 476-77 (guarantee of right to jury trial); *State v. Unrein*, 47 Kan. App. 2d 366, 369, 274 P.3d 691 (2012) (considering *Apprendi* issue for first time on appeal to prevent denial of fundamental rights). Thus, we will consider his argument preserved.

In order to resolve Baker's argument, we must interpret the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., and the constitutionality of its provisions, both of which are questions of law subject to unlimited review. See *Johnson*, 286 Kan. at 842.

K.S.A. 2019 Supp. 21-6804(h) provides: "When a firearm is used to commit any person felony, the offender's sentence shall be presumed imprisonment. The court may impose an optional nonprison sentence as provided in subsection (q)." Baker argues the statute violates his constitutional rights as described in *Apprendi* because it does not require a jury to find that a defendant committed a person felony with a firearm before the fact can be used to impose a prison term rather than probation. *Apprendi* held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt." (Emphasis added). 530 U.S. at 490. But Baker's argument has merit only if a change in disposition from presumptive probation to presumptive imprisonment

increases the penalty for a person felony "beyond the prescribed statutory maximum," contrary to *Apprendi*. Our Supreme Court addressed this same argument in *State v. Beasley*, 274 Kan. 718, 56 P.3d 803 (2002), contrary to Baker's current position.

*Beasley* is factually analogous to this case. Like Baker, Beasley was subject to presumptive probation because he was convicted of two severity level 7 person felonies and had a criminal history score of I. The district court found Beasley used a firearm in the commission of his crimes, which triggered a presumptive prison sentence under K.S.A. 2001 Supp. 21-4704a(h) (now K.S.A. 2019 Supp. 21-6804[h]). As a result, the district court imposed two concurrent 12-month prison sentences. Beasley appealed to this court, and our Supreme Court transferred the appeal on its own motion under K.S.A. 20-3018(c).

On appeal, Beasley argued a jury should have found he committed his crimes with a firearm before the district court could use the fact to impose a prison sentence. He claimed his constitutional rights as described in *Apprendi* were violated as a result. The *Beasley* court relied on *State v. Carr*, 274 Kan. 442, 53 P.3d 843 (2002), where the court "considered whether *Apprendi* applies to upward durational departures under the KSGA. The majority reasoned that '[p]robation and parole are dispositions alternate to the serving of a sentence, and neither probation nor parole increase or decrease the sentence required to be imposed by statute.' [*Carr*], 274 Kan. 442, Syl. ¶ 3." *Beasley*, 274 Kan. at 723. *Carr* held that because a dispositional departure under K.S.A. 2001 Supp. 21-4716 neither increases nor decreases the sentence imposed by statute, *Apprendi* does not apply. 274 Kan. at 452. The *Beasley* court also relied on *State v. Garcia*, 274 Kan. 708, 711, 56 P.3d 797 (2002), where the court extended *Carr*'s reasoning to a statutory provision which triggered a presumptive prison sentence upon a finding the defendant's crime was gang related. *Beasley*, 274 Kan. at 723.

Following the reasoning of *Carr* and *Garcia*, the *Beasley* court interpreted K.S.A. 2001 Supp. 21-4704a(h) and held a judge-made finding the defendant used a firearm in the commission of a person felony does not implicate *Apprendi*. *Beasley*, 274 Kan. at 722-23.

Baker fails to reference *Beasley* in his appellate brief, but he does rely on several out-of-state cases, as well as the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to support his position that *Carr* was wrongly decided. However, "'our Supreme Court is the final authority on Kansas law for all state and federal courts.'" *Community First Nat'l Bank v. Nichols*, 56 Kan. App. 2d 1057, 1066, 443 P.3d 322 (2019). *Beasley* and *Carr* are still good law, and we are duty bound to follow their precedent. See *Rodriguez*, 305 Kan. at 1144. In Kansas, a change in disposition from presumptive probation to imprisonment does not increase a defendant's punishment, so any facial challenge to the constitutionality of K.S.A. 2019 Supp. 21-6804(h) under *Apprendi* fails.

Baker received constitutionally permissible presumptive sentences of imprisonment under the KSGA, and we do not have jurisdiction over his appeal. See K.S.A. 2019 Supp. 21-6820(c)(1).

Appeal dismissed.