(142 P.3d 334)
No. 93,875

STATE OF KANSAS, *Appellee,* v. PETE WHITLOCK, *Appellant.*

Opinion filed September 15, 2006.

*Brent Getty,* of Kansas Appellate Defender Office, for appellant.

*Karen S. Smart,* assistant district attorney, *Keith E. Schroeder,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before HILL, P.J., ELLIOTT and GREEN, JJ.

GREEN, J.: Pete Whitlock appeals from his prison sentence after being convicted of indecent liberties with a child in violation of K.S.A. 21-3503 and indecent solicitation of a child in violation of

K.S.A. 2004 Supp. 21-3510(a)(1). Whitlock's sole argument on appeal is that the trial court erred in not granting his request to be sentenced to an optional nonprison sentence. Nevertheless, this court lacks jurisdiction to consider Whitlock's appeal under K.S.A. 2005 Supp. 21-4704(f). Moreover, because Whitlock's sentence was within the presumptive sentence for the crime, this court lacks jurisdiction under K.S.A. 21-4721(c). Accordingly, we dismiss.

Whitlock pled guilty to one count of indecent liberties with a child, a severity level 5 person felony in violation of K.S.A. 21-3503, and one count of indecent solicitation of a child, a severity level 7 person felony in violation of K.S.A. 2004 Supp. 21-3510(a)(1). The factual basis for the plea was that Whitlock had picked up K.D.F., a 15-year-old girl, in the parking lot of an Osco Drug Store in Hutchinson and later engaged in sexual activity with her. Whitlock was 73 years old when these events occurred. In exchange for Whitlock's guilty plea, the State dismissed the remaining charges of criminal sodomy and two counts of aggravated indecent liberties with a child, each a severity level 3 person felony. Moreover, the parties agreed that the State would recommend the imposition of consecutive sentences for Whitlock's convictions.

Because Whitlock had no criminal history, his criminal history classification was category I. For his conviction of indecent liberties with a child, Whitlock fell into sentencing grid box 5-I, which was one of the border boxes on the nondrug sentencing grid of the Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 2005 Supp. 21-4704(a). K.S.A. 2005 Supp. 21-4704(f) gives the trial court discretion, upon making certain findings on the record, to impose an optional nonprison sentence for an offense classified in grid block 5-I.

At sentencing, Whitlock argued that he met the criteria for a nonprison sentence under K.S.A. 2005 Supp. 21-4704(f) and asked the trial court to sentence him to probation for 36 months and to require him to complete a sex-offender treatment program. Whitlock presented letters and testimonials from friends and family members. In addition, Whitlock presented a psychological evaluation report in which the psychologist stated that Whitlock would be a good candidate for community placement and probation. The

victim and the victim's mother also gave statements at the sentencing hearing, and both indicated that Whitlock should be imprisoned.

At the conclusion of the hearing, the trial court declined to impose a nonprison sentence, finding that Whitlock had not satisfied the criteria under K.S.A. 2005 Supp. 21-4704(f). The trial court found that Whitlock posed a threat to the public safety and to other young girls. The trial court imposed consecutive sentences of 32 months in prison for Whitlock's conviction of indecent liberties with a child and 12 months in prison for his conviction of indecent solicitation of a child.

On appeal, Whitlock argues that the trial court erred in not imposing an optional nonprison sentence available in a border box situation. On the other hand, the State argues that, based upon K.S.A. 2005 Supp. 21-4704(f), this court does not have jurisdiction to consider this appeal. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Hodgden*, 29 Kan. App. 2d 36, 38, 25 P.3d 138, *rev. denied* 271 Kan. 1040 (2001).

Moreover, the parties' arguments require interpretation of the KSGA. "Interpretation of the KSGA is a question of law and the appellate court's scope of review is unlimited. [Citations omitted.]" *State v. Smith*, 33 Kan. App. 2d 554, 555, 105 P.3d 738, *rev. denied* 279 Kan. 1010 (2005).

K.S.A. 2005 Supp. 21-4704(f), the provision which gives the trial court discretion to impose a nonprison sanction when an offense is classified in grid blocks 5-H, 5-I, or 6-G, states in relevant part:

"If an offense is classified in grid blocks 5-H, 5-I or 6-G, the court may impose an optional nonprison sentence upon making the following findings on the record:

"(1) An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and

"(2) the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; or

"(3) the nonprison sanction will serve community safety interests by promoting offender reformation.

"Any decision made by the court regarding the imposition of an optional nonprison sentence if the offense is classified in grid blocks 5-H, 5-I or 6-G shall not be considered a departure and shall not be subject to appeal."

K.S.A. 2005 Supp. 21-4704(f) makes clear that *any decision* by the trial court concerning the imposition of an optional nonprison sentence for an offense classified in grid block 5-I "shall not be considered a departure and *shall not be subject to appeal.*" (Emphasis added.) In this case, the trial court considered the factors for the imposition of an optional nonprison sentence for an offense which was classified in grid block 5-I and decided not to impose a nonprison sentence. Instead, the trial court chose to sentence Whitlock to prison. Such decision is not appealable under the plain language of K.S.A. 2005 Supp. 21-4704(f).

Moreover, this court lacks jurisdiction to review Whitlock's sentence under K.S.A. 21-4721(c). For felony offenses committed on or after July 1, 1993, an appellate court is without jurisdiction to review a sentence: (1) when the sentence is within the presumptive sentencing range for the crime; or (2) when the sentence is the result of an agreement between the State and the defendant which the sentencing court approves on the record. K.S.A. 21-4721(c). For crimes committed before July 1, 1995, the appellate court may review a claim that any sentence is the result of partiality, prejudice, oppression, or corrupt motive. K.S.A. 1994 Supp. 21-4721(e). The 1995 amendments to the statute, however, preclude appeals of presumptive sentences regardless of claims of partiality, prejudice, etc. *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000).

Under the KSGA, the sentence in border box cases is presumed imprisonment; nevertheless, the court may impose an optional nonprison sentence upon making certain findings on the record. K.S.A. 2005 Supp. 21-4704(f)(1)-(3); *State v. Colbert*, 24 Kan. App. 2d 756, 757, 953 P.2d 1058 (1998). Because Whitlock's sentence for indecent liberties with a child was within the presumptive sentence for the crime, this court lacks jurisdiction to review such sentence under K.S.A. 21-4721(e).

Furthermore, even if this court had jurisdiction to review Whitlock's sentence, it appears that there was no abuse of discretion in the trial court's decision. The trial court has discretion in border box cases to impose incarceration or probation. See *Colbert*, 24 Kan. App. 2d at 757. The trial court considered all of the factors under K.S.A. 2005 Supp. 21-4704(f) but declined to impose the

optional nonprison sentence. The trial court found that Whitlock was a threat to public safety and to other young girls. We cannot say that no reasonable person would take the view of the trial court. See *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002) ("Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. [Citation omitted.]").

Dismissed.