NOT DESIGNATED FOR PUBLICATION

No. 113,652

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES JAY WAIDLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed November 20, 2015. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*:  James Jay Waidley appeals his sentence following his conviction of one count of possession methamphetamine. We granted Waidley's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and did not object to summary disposition of Waidley's appeal.

On December 3, 2014, Waidley pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony. The presentence investigation report indicated that Waidley was in criminal history category D. At the sentencing hearing on January 29, 2015, Waidley moved for border box findings and a nonprison sanction. The

1

district court denied Waidley's motion for a nonprison sanction and imposed a presumptive sentence of 24 months' imprisonment. Waidley timely appealed.

On appeal, Waidley argues that the district court abused its discretion in failing to make border box findings and in failing to impose a nonprison sanction. But as Waidley acknowledges, an appellate court shall not review any sentence that is within the presumptive sentence for the crime. See K.S.A. 2014 Supp. 21-6820(c)(1); *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000). Moreover, imposition of a prison sentence in a border box case does not constitute a departure sentence. See *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334, *rev. denied* 282 Kan. 796 (2006). Because Waidley received a presumptive sentence for his conviction of possession of methamphetamine, this court is without jurisdiction to review his sentence.

Appeal dismissed.