NOT DESIGNATED FOR PUBLICATION

No. 113,740

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRISTEN MADISON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed February 19, 2016. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

*Per Curiam*:  Tristen Madison appeals his sentence following his conviction of one count of abuse of a child. We granted Madison's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

On December 19, 2014, pursuant to a plea agreement, Madison pled no contest to one count of abuse of a child, a severity level 5 person felony. Madison had a criminal history score of I, which placed his case into a border box on the sentencing grid. At sentencing on January 26, 2015, Madison requested the district court to make border box findings and sentence him to 36 months' probation. The district court rejected this request and imposed the mitigated presumptive sentence of 31 months' imprisonment with 24 months' postrelease supervision. Madison timely appealed his sentence.

1

On appeal, Madison argues that the district court "abused its discretion in sentencing him to prison." The State responds that Madison's appeal should be dismissed "because the sentence imposed was within the presumptive range for the offense."

K.S.A. 2015 Supp. 21-6820(c) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is (1) within the presumptive sentence for the crime, or (2) the result of a plea agreement between the State and the defendant which the district court approved on the record. Thus, appellate courts lack jurisdiction to review challenges to presumptive sentences. *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). The imposition of incarceration in a border box case constitutes a presumptive sentence. See K.S.A. 2015 Supp. 21-6804(q); *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334, *rev. denied* 282 Kan. 796 (2006).

Madison's sentence was a presumptive sentence because he received the mitigated imprisonment term in the appropriate sentencing gridbox. The fact that the district court refused to make the border box findings to place Madison on probation does not change the fact that he received a presumptive sentence. Because Madison received a presumptive sentence for his crime of conviction, this court is without jurisdiction to review his challenge to his sentence.

Appeal dismissed.