NOT DESIGNATED FOR PUBLICATION

No. 114,633

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB J. ST. CLAIR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID B. DEBENHAM, judge. Opinion filed April 29, 2016. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*: Jacob J. St. Clair appeals his sentence following his conviction of one count aggravated burglary and one count aggravated endangering a child. We granted his motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

Pursuant to a plea agreement, St. Clair pled no contest to one count aggravated burglary, a severity level 5 felony, and one count aggravated endangering a child, a severity level 9 felony. St. Clair's criminal history score was I, which placed his case into a border box on the sentencing grid. The district court did not make any border box findings, as per the parties' request. The district court sentenced St. Clair to 32 months'

1

imprisonment on the aggravated burglary conviction and 6 months' imprisonment on the aggravated endangering a child conviction. The district court ordered the sentences to run consecutive for a controlling term of 38 months' imprisonment with 24 months' postrelease supervision. St. Clair timely appeals.

On appeal, St. Clair contends the district court erred "in sentencing him." The State filed its response stating the district court did not err by sentencing St. Clair to a presumptive prison sentence in this case. Furthermore, the State argues this court lacks jurisdiction to review St. Clair's presumptive sentence.

K.S.A. 2015 Supp. 21-6820(c) provides that an appellate court shall not review a sentence for a felony conviction that is: (1) within the presumptive sentence for the crime; or (2) the result of a plea agreement between the State and the defendant, which the district court approved on the record. Thus, appellate courts lack jurisdiction to review challenges to presumptive sentences. *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). The imposition of incarceration in a border box case constitutes a presumptive sentence. See K.S.A. 2015 Supp. 21-6804(f), (q); *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334, *rev. denied* 282 Kan. 796 (2006).

St. Clair's sentence was a presumptive sentence because he received the standard imprisonment term in the appropriate sentencing gridbox. Accordingly, this court is without jurisdiction to consider this issue on appeal.

Appeal dismissed.