NOT DESIGNATED FOR PUBLICATION

No. 114,407

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN W. ELKINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC R. YOST, judge. Opinion filed June 17, 2016. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before BUSER, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*: Austin W. Elkins was convicted of aggravated battery and now appeals his prison sentence. We granted Elkins' motion for summary disposition in place of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). His sole argument on appeal is that the district court should have granted his request for an optional nonprison sentence. But under the Kansas Sentencing Guidelines Act, we lack the jurisdiction to consider Elkins' appeal.

FACTS

Elkins pled guilty to aggravated battery, a severity level 5 person felony, based on an incident in which Elkins attacked his stepfather with a box cutter. Elkins had no prior

1

criminal history, so his criminal history score was I. A severity level 5 crime and a criminal history score of I placed Elkins in a border box in the sentencing grid with a presumptive sentence of 31, 32, or 34 months in prison. See K.S.A. 2015 Supp. 21-6804(a), (f). For border boxes in the sentencing grid, the district court has the discretion to impose an optional nonprison sentence if it makes certain findings (usually called border-box findings) about community safety interests and the availability and suitability of other treatment programs. K.S.A. 2015 Supp. 21-6804(q).

The plea agreement stated that each party was free to argue their respective positions at sentencing. The State argued for the aggravated sentence, 34 months in prison, based on the severity of the crime and the trauma that the victim experienced. Elkins asked the district court to make border-box findings and impose a nonprison sentence based on his medical and mental health issues and the availability and usefulness of counseling.

The district court chose not to make border-box findings and imposed the mitigated sentence, 31 months in prison with 24 months' postrelease supervision. Elkins now appeals to this court.

ANALYSIS

Elkins argues that the district court abused its discretion when it failed to make the border-box findings necessary to impose a nonprison sentence. The State responds that this court does not have jurisdiction to hear an appeal from a presumptive sentence. Whether we have jurisdiction is a question of law over which we have unlimited review. *State v. Whitlock*, 36 Kan. App. 2d 556, 558, 142 P.3d 334, *rev. denied* 282 Kan. 796 (2006).

The statute giving the district court the option to make border-box findings and impose a nonprison sentence specifically states: "Any decision made by the court regarding the imposition of an optional nonprison sentence shall not be considered a departure and shall not be subject to appeal." K.S.A. 2015 Supp. 21-6804(q). Here, the district court considered Elkins' arguments for border-box findings and decided against them, instead sentencing Elkins to prison. Under the statute's plain language, the district court's decision not to impose the optional nonprison sentence cannot be appealed. *Whitlock*, 36 Kan. App. 2d at 559 (applying prior version of statute; same language).

We also lack jurisdiction under K.S.A. 2015 Supp. 21-6820(c)(1), which states that an appellate court cannot review a sentence that is within the presumptive sentencing range for the crime. *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (applying prior version of statute; same language). Under the sentencing guidelines, a prison sentence in a border box is still a presumptive sentence—the court has the option to impose a nonprison sentence, but that option does not make the prison sentence any less presumptive. *Whitlock*, 36 Kan. App. 2d at 559; *State v. Madison*, No. 113,740, 2016 WL 687744, at *1 (Kan. App. 2016) (unpublished opinion). Elkins' sentence was within the presumptive sentencing range for aggravated battery, so we lack jurisdiction to review his sentence.

Appeal dismissed.