NOT DESIGNATED FOR PUBLICATION

No. 115,676

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACK D. EDIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed November 4, 2016. Affirmed.

*Thomas J. Bath, Jr.* and *Tricia A. Bath*, of Bath & Edmonds, P.A., of Overland Park, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Jack D. Edie was charged with possession of 25 to 450 grams of marijuana with intent to distribute it (a level 3 felony), possession of marijuana without the appropriate drug tax stamp, possession of a firearm by a person addicted to and using a controlled substance, and two counts of possession of drug paraphernalia.

Pursuant to a plea agreement with the State, Edie pled no contest to an amended charge of possession with intent to distribute less than 25 grams of marijuana, a severity level 4 nonperson felony. In return, the State dismissed all the other charges and agreed not to contest Edie's request for probation.

1

The judge accepted Edie's plea and found him guilty. Edie's presentence investigation (PSI) report showed his criminal history consisted of a misdemeanor battery conviction, placing him in a sentencing guidelines border box which called for a presumptive sentence of 14, 15, or 16 months in prison, but with the possibility of probation if the court made the appropriate findings.

Edie requested probation pursuant to K.S.A. 2015 Supp. 21-6804(q) based on (1) his minimal criminal history; (2) his compliance with bond conditions; (3) his age and employment history; (4) his value to the community; (5) his acceptance of responsibility; (6) his financial penalty of $20,000 in settling a forfeiture lawsuit; and (7) his participation in substance abuse treatment.

Edie's substance abuse evaluation report stated that he knew a local marijuana grower and typically purchased 1 pound of marijuana for personal use. Edie admitted he occasionally sold small amounts to friends and to his tenants.

At his sentencing hearing Edie presented evidence that he should and could participate in outpatient substance abuse treatment. He presented character evidence and urged the court to grant him probation. The judge denied probation and sentenced Edie to 15 months in prison. Edie appeals, contending the sentencing judge erred in not granting probation based on a mistaken belief that under K.S.A. 2015 Supp. 21-6804(q) the judge was required to impose a prison sentence.

As a preliminary matter, the State contends we lack jurisdiction to review Edie's claim because he received a presumptive sentence. Whether jurisdiction exists is a question of law over which we have unlimited review. *State v. Berreth*, 294 Kan. 98, 109, 273 P.3d 752 (2012).

2

As a general rule, we lack jurisdiction to review a sentence for a felony conviction that is (1) within the presumptive sentence for the crime, or (2) the result of a plea agreement between the State and the defendant which the district court approved on the record. K.S.A. 2015 Supp. 21-6820(c); see *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). Further, K.S.A. 2015 Supp. 21-6804(q) states with respect to a border-box sentence: "Any decision made by the court regarding the imposition of an optional nonprison sentence shall not be considered a departure and shall not be subject to appeal." Thus, when considering an appeal, imposing incarceration in a border-box case constitutes a presumptive sentence. K.S.A. 2015 Supp. 21-6804(q); *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334, *rev. denied* 282 Kan. 796 (2006).

Here, the sentencing judge declined to make border-box findings and imposed a presumptive prison sentence. Ordinarily that would deprive us of jurisdiction. But, as held in *State v. Warren*, 297 Kan. 881, 885, 304 P.3d 1288 (2013), when it is claimed the sentencing judge refused to consider a request for a discretionary, nonpresumptive sentence which the judge had authority to consider, we can consider the legal issue whether the sentencing judge properly interpreted the relevant sentencing statute. Because this is the claim Edie makes in this case, we have jurisdiction to hear this appeal.

Edie's crime fell within the 4-I border box on the drug sentencing guidelines grid. See K.S.A. 2015 Supp. 21-6805(d). Thus, the sentencing judge could have imposed a nonprison sentence if he found that:

"(1) An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and

"(2) the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; or

3

"(3) the nonprison sanction will serve community safety interests by promoting offender reformation." K.S.A. 2015 Supp. 21-6804(q).

Edie claims the sentencing judge misinterpreted his authority under K.S.A. 2015 Supp. 21-6804(q) by indicating that he was required to impose a prison sentence when he stated: "In Lyon County, when people are selling drugs, they go to jail."

Contrary to Edie's contention, it is apparent that the judge did not believe he could only send Edie to prison. Rather, he simply declined to make border-box findings and, instead, imposed the presumptive prison sentence.

At sentencing, the judge noted the requirements for an optional nonprison sentence:

"One, is there an appropriate treatment program that exists for which it is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism? And, two, the recommended treatment program is available and the offender can be admitted in the program in a reasonable period of time. . . . The other way I could do this is, the nonprison sanction will serve community interests by promoting offender reformation."

With regard to the first required finding, the judge characterized Edie's crime as one involving the distribution of drugs and stated that he was unaware of any treatment program for rehabilitating a defendant like Edie.

"[I]t would not be hard to make those findings at all if this was a possession case. This is a distribution case. A distribution of a significant quantity was in your possession, available for distribution, over 11 ounces. I am unaware of any treatment program that treats one's business enterprise of selling drugs. That's what the crime of conviction is. It's not a possession case."

4

The judge acknowledged there was "probably some element of truth" to the allegation that Edie's possession of marijuana was for personal use. But the judge found there was evidence that Edie was dealing drugs, though the frequency of his dealing was unclear. The judge also noted:

> "Mr. Edie already got a pretty good break. He, through a plea agreement, got himself down from an exposure of 49 months to 15 months. That's pretty good when the evidence is pretty clear, he had 300 grams. Mr. Edie is not the first person that's been in this court that's been worthy of probation but had a quantity in his possession for sale. I cannot make the border box finding."

The judge concluded:

> "I gave thought to putting him on probation, making him serve 60 days as a condition of probation, and counsel is aware that I have the authority to do that. What I'm trying to do here is treat people fairly and equally. I'm not treating Mr. Edie any differently than other people that we've had in this court system with a quantity of marijuana for sale.
>
> . . . .
>
> "In Lyon County, when people are selling drugs, they go to jail."

Viewed in context, it is apparent that the sentencing judge properly considered the border-box findings and was aware that he could impose a nonprison sentence. Indeed, he acknowledged that whether to grant Edie a nonprison sentence was a difficult decision. Contrary to Edie's contention, the judge simply declined to make border-box findings and, instead, chose to impose the presumptive prison sentence.

The sentencing judge did not misinterpret his authority under K.S.A. 2015 Supp. 21-6804(q). With this conclusion, we lack jurisdiction to otherwise review Edie's presumptive sentence. See K.S.A. 2015 Supp. 21-6820(c)(1).

Affirmed.