NOT DESIGNATED FOR PUBLICATION

No. 116,838

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY RONNELLE LONG,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed October 27, 2017. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: Gary Ronnelle Long was convicted on his plea of guilty to one count of distribution of marijuana and was sentenced to a presumptive term of 30 months in prison. In this appeal, Long argues that the district court misinterpreted its sentencing authority in denying his request for an optional nonprison sentence and that the district court further erred by using his criminal history to determine his sentence.

We find no sentencing errors occurred and affirm the judgment of the district court.

1

*Factual and Procedural Background*

On June 23, 2016, Long pled guilty to one count of distribution of marijuana, a severity level 4 drug felony. In exchange for Long's guilty plea, the State dismissed one count of possession of drug paraphernalia. The parties agreed to leave sentencing open for argument. A presentence investigation (PSI) report indicated Long had a criminal history score of E, placing him in a border box on the drug sentencing grid.

Before sentencing, Long filed a motion for border box findings, requesting the district court impose an optional nonprison sentence under K.S.A. 2016 Supp. 21-6804(q). He argued a nonprison sanction would serve community safety interests by promoting offender reformation. He noted that an appropriate drug treatment program was available and he had already started the program within the last month. He also asserted he had demonstrated he could comply with probation conditions by successfully completing pretrial services and four months of house arrest.

At the sentencing hearing, Long confirmed he had no objection to the PSI. The State requested the district court impose a 30-month prison sentence. The State pointed out almost all of Long's prior convictions were related to distribution of controlled substances. It argued Long already had multiple chances to demonstrate he could stay away from controlled substances but had been unable to do so. As such, placing Long on probation would not serve the safety of the community.

Long's counsel reiterated the arguments presented in the motion for border box findings. He also pointed out Long's last conviction was in 2009, and his life had more structure now than it did at the time he was arrested. Long personally addressed the court, explaining he had learned from his mistakes and he wanted to move on with his life.

The district court declined to impose the optional nonprison sentence and sentenced Long to the presumptive prison sentence of 30 months. Long timely filed his appeal.

*Denial of the Optional Nonprison Sentence*

*Jurisdiction*

The State first argues this court is without jurisdiction to hear this appeal. K.S.A. 2016 Supp. 21-6804(q) states: "Any decision made by the court regarding the imposition of an optional nonprison sentence shall not be considered a departure and shall not be subject to appeal." Thus, imprisonment in a border-box case constitutes a presumptive sentence. *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334 (2006). Presumptive sentences are not subject to appeal. K.S.A. 2016 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, 835-37, 247 P.3d 1043 (2011).

The State is correct that Long received a presumptive sentence, and presumptive sentences are generally not subject to appeal. There is, however, an exception to this general rule. An appellate court may review the limited question of whether a district court misinterpreted its sentencing authority under the Kansas Sentencing Guidelines Act. *State v. Morningstar*, 299 Kan. 1236, Syl. ¶ 1, 329 P.3d 1093 (2014). Here Long argues that the district court misinterpreted its authority under K.S.A. 2016 Supp. 21-6804(q) with regard to the findings required to be made in support of the discretionary imposition of a nonprison sentence. Thus, we have jurisdiction to hear Long's argument.

*The Statute*

K.S.A. 2016 Supp. 21-6804(q) provides:

3

"[A]n 'optional nonprison sentence' is a sentence which the court *may* impose, in lieu of the presumptive sentence, upon making the following findings on the record:

(1) An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and

(2) the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; or

(3) the nonprison sanction will serve community safety interests by promoting offender reformation." (Emphasis added.)

Based on the plain language of the statute, the district court has discretion—"may"—to impose a nonprison sentence if it can make the appropriate findings under subsections (1) and (2) or under subsection (3). There is no requirement that the court do so.

Long argues that the district court erroneously interpreted the statute as requiring findings be made under all three subsections before it could impose a nonprison sanction. The record of the sentencing hearing does not support this contention.

In considering Long's motion, the district court stated:

"[I]n this case, although perhaps Paragraphs 1 and 2 are met for the border box, I do not believe that the third paragraph is made. I do not understand why probation in this case would serve community safety interests.

"And unfortunately, Mr. Long, this is not a situation where you have had just a couple of prior convictions for possession, but three prior convictions for distribution. And they seem to occur now in about even amounts of time.

"So because I cannot make those findings in good conscience, and because of your prior convictions and your criminal history, I am going to—

. . . .

"I am going to sentence you to the standard 30-month sentence."

The district court made no clear and unequivocal findings with regard to subsections (1) and/or (2); his nonspecific reference was clearly qualified by his use of the term "perhaps." Not only did the court not make positive findings regarding subsection (3), but clearly and unequivocally indicated that (3) was not met, specifically questioning how probation would serve community interests. His reference to Long's three prior convictions for distribution indicated that offender reformation was certainly questionable.

The disposition of the motion was succinct and concise. There is no statement or indication the court misconstrued its authority as requiring positive findings on all three subsections. The court's conclusion that "I cannot make *those* findings in good conscience" leads us to the conclusion the district court actually made none of the findings required by subsections (1), (2), or (3).

We would note that there is more than a little irony in an argument which suggests a district judge abuses his or her discretion by denying a nonprison sentence which he or she finds will not serve community safety interests or offender reformation simply because the record suggests the existence of an available treatment program, especially where, as here, the prior criminal history establishes Long as a chronic recidivist.

We find no statutory misinterpretation or abuse of discretion by the district court in denying the optional nonprison sentence.

*Use of Criminal History*

Long also argues the district court violated his Sixth and Fourteenth Amendment rights under the United States Constitution as recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it sentenced him based in part

on his criminal history without first requiring the State to prove his criminal history to a jury beyond a reasonable doubt.

Long concedes the Kansas Supreme Court has already rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). He raises it now to preserve for possible federal review. This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no such indication here; indeed, the Supreme Court has reiterated its position in numerous cases since deciding *Ivory*. Thus, the district court did not err in using Long's criminal history without first requiring the State to prove it beyond a reasonable doubt to a jury.

Affirmed.