NOT DESIGNATED FOR PUBLICATION

Nos. 118,149
118,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS A. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed March 9, 2018. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Marcus A. Williams appeals his presumptive prison sentence after pleading no contest to three felonies in two different cases while on probation in another felony case. We granted Williams' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47), which the State in its response did not contest. After review, we dismiss Williams' appeal.

On March 21, 2017, Williams pled no contest to two counts of possession of methamphetamine, a severity level 5 drug felony, and interference with law enforcement, a severity level 9 nonperson felony, in two separate cases. The district court accepted his

1

pleas, found him guilty, and set the cases for sentencing on May 16, 2017. The presence investigation (PSI) reports for both cases found, in relevant part, that Williams had a criminal history score of C which, given the severity of his crimes, placed him in the border box of the sentencing grid. However, the PSIs also noted that he was subject to a special sentencing rule because he committed his crimes while on felony probation. At his sentencing, Williams argued strongly for probation and even presented evidence of his extensive drug use and amenability to treatment. Nevertheless, the district court rejected Williams' request for probation and, relying on the special rule, sentenced him to presumptive prison terms of 30 months for each case.

On appeal, Williams argues the district court erred in refusing to grant probation because he demonstrated the need for drug treatment. However, under K.S.A. 2017 Supp. 21-6604(f)(1), when a defendant is sentenced to imprisonment for a felony committed while such defendant is on felony probation, the imposition of such a prison sentence does not constitute a departure. Because Williams' sentences are presumptive sentences and because we lack the jurisdiction to review presumptive sentences, we must dismiss Williams' challenges. See K.S.A. 2017 Supp. 21-6820(c)(1); see also *State v. Huerta*, 291 Kan. 831, 836-37, 247 P.3d 1043 (2011) (reaffirming that K.S.A. 21-4721(c)(1) [now K.S.A. 2017 Supp. 21-6820(c)(1)] eliminates appeals of presumptive sentences); *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334 (imposition of prison sentence for border box defendant not appealable), *rev. denied* 282 Kan. 796 (2006); *State v. Perry*, No. 108,744, 2013 WL 4404254, at *2 (Kan. App. 2013) (unpublished opinion) (imposition of presumptive prison sentence for crime committed while on felony probation unreviewable).

Appeal dismissed.