NOT DESIGNATED FOR PUBLICATION

No. 120,536

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK E. STEFAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed July 26, 2019. Sentence vacated and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Derek Stefan challenges the district court's decision to sentence him to prison on his conviction for possession of methamphetamine. He contends that K.S.A. 2018 Supp. 21-6824, which requires that a court sentence certain offenders to drug treatment instead of prison, should have controlled his sentence. The State did not respond on appeal with any argument against Stefan's position; we find that Stefan qualified for a drug-treatment sentence under that statute, so the district court erred when it instead sent Stefan to prison.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Stefan pleaded no contest to possession of methamphetamine under K.S.A. 2108 Supp. 21-5706—an offense he committed while he was on parole in another felony case. Based on Stefan's criminal-history score of D, the presumptive sentence for this crime was 23, 24, or 26 months in prison. See K.S.A. 2018 Supp. 21-6805(a). The sentence fell in what's called a border box on the sentencing guidelines grid. See K.S.A. 21-6805(a), (d). In such cases, the presumptive sentence is prison but the district court has the option instead to impose a nonprison sentence, like probation, based on certain findings the court must make. See K.S.A. 2018 Supp. 21-6804(q); *State v. Whitlock*, 36 Kan. App. 2d 556, Syl. ¶ 4, 142 P.3d 334 (2006).

A presentence-investigation report was completed before Stefan's sentencing. It showed that Stefan had a high probability of a severe substance-use disorder and an LSI-R score (a criminal risk-needs assessment) of 30, which corresponds to a moderate-risk category. Based on those scores, Stefan asked at sentencing that the court sentence him to probation so he could receive drug treatment under what's commonly called Senate Bill 123. That was the 2003 legislation codified at K.S.A. 21-4729 and now recodified in K.S.A. 2018 Supp. 21-6824. At sentencing, the State agreed with Stefan and asked the court to place Stefan on probation with an underlying sentence of 24 months in prison that he would serve only if he failed to complete his probation.

But the district court instead sentenced Stefan to 24 months in prison. The court said that "[t]here [was] no question . . . that Mr. Stefan is in need of substantial treatment." But considering Stefan's probation violations from a different case and a prior failed attempt at drug treatment, the court found that ordering Stefan to receive additional drug-treatment services wouldn't be effective. The court said that it was declining to make the border-box findings that treatment would be more effective than imprisonment. See K.S.A. 2018 Supp. 21-6804(q).

Stefan then appealed his sentence to our court.

ANALYSIS

Stefan's argument is straightforward. He contends that his prison sentence was illegal because he qualified for mandatory drug treatment under K.S.A. 2018 Supp. 21-6824(a)(1). The district court cannot ignore a mandatory requirement established by statute, he argues.

Two statutes controlled whether Stefan should go to prison or be sent for drug treatment. K.S.A. 2018 Supp. 21-6805 is the general statute providing a presumptive prison sentence—but the option for probation—if the offense is a level-5 drug crime and the defendant's criminal-history score is D. K.S.A. 2018 Supp. 21-6824(a) is a specific statute providing for probation and drug treatment for level-5 drug offenses with a criminal-history score of D if the defendant meets additional criteria set out in the statute. Those criteria are that the defendant have a "high risk status as determined by the drug abuse assessment" and "a moderate or high risk status as determined by the criminal risk-need assessment." K.S.A. 2018 Supp. 21-6824(c). Stefan asserts—and the State does not contest—that he scored as high risk in the drug-abuse assessment and moderate or high risk on the LSI-R test used in Kansas for the criminal risk-need assessment. So he qualified for probation and drug treatment under K.S.A. 2018 Supp. 21-6824.

The only potential hurdle Stefan faces on appeal is that the district court said it was declining to make the border-box findings usually required under K.S.A. 2018 Supp. 21-6805. If those findings are required even when the defendant meets the requirements of K.S.A. 2018 Supp. 21-6824, then the district court's prison sentence may have been appropriate. We conclude, however, that no border-box findings are required.

3

K.S.A. 2018 Supp. 21-6824(c) provides that if the offender has high-risk status in the drug assessment and moderate or high risk on the LSI-R, then "the sentencing court *shall commit the offender to treatment*." (Emphasis added.) Even for crimes committed when another special statutory rule applies, such as when the new offense was committed while the defendant is on felony parole, the district court must follow the specific directive of K.S.A. 2018 Supp. 21-6824(c). The Kansas Supreme Court addressed the situation in which the new offense was committed while the defendant was on parole in *State v. Andelt*, 289 Kan. 763, Syl. ¶ 7, 217 P.3d 976 (2009), which Stefan cites to support his position.

In *Andelt*, the defendant was statutorily eligible for drug treatment, but he committed the new offense while on felony parole. One statute generally allowed the imposition of a prison sentence even when the guidelines otherwise called for probation if the defendant committed the new offense while on felony parole. But the *Andelt* court held that the specific provision on drug treatment ("the sentencing court shall commit the defendant to treatment") controlled; the sentencing court in that situation had no discretion to send the defendant to prison. 289 Kan. 763, Syl. ¶ 7.

We have essentially the same situation here. Although there's a general statute that usually requires border-box findings to put a defendant in the 5-D grid box on probation rather than give him a prison sentence, K.S.A. 2018 Supp. 21-6824 specifically covers defendants in the 5-D grid box who meet the other terms of that statute. The State hasn't contested Stefan's eligibility under K.S.A. 2018 Supp. 21-6824 in the trial court or on appeal. We therefore conclude that the district court erred in sentencing Stefan to prison, vacate Stefan's sentence, and remand the case to the district court for resentencing.

Stefan also claims the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his prior convictions to determine his criminal-history score. Stefan argues that this increased his

4

sentence without requiring the State to prove the past convictions to a jury beyond a reasonable doubt. *Apprendi* held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be proved beyond a reasonable doubt to a jury. 530 U.S. at 490.

The Kansas Supreme Court has already considered this issue and confirmed that *Apprendi* does not keep the court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). So the district court did not violate Stefan's rights when it used his prior criminal history to apply the Kansas sentencing guidelines.

On Stefan's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find that the district court erred in sentencing Stefan to prison.

We vacate Stefan's sentence and remand the case to the district court for resentencing.