NOT DESIGNATED FOR PUBLICATION

No. 122,620

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VIRGIL ALLEN PLUS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rawlins District Court; KEVIN BERENS, judge. Opinion filed December 23, 2020. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM:  Virgil Allen Plus appeals his sentence following his conviction of aggravated indecent solicitation of a child. We granted Plus' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State has responded and asks us to deny Plus any relief.

On December 3, 2019, Plus pled no contest to one count of aggravated indecent solicitation of a child in exchange for the dismissal of other charges. The presentence investigation report showed that Plus fell into a "border box" on the sentencing grid in which the district court could grant a nonprison sanction upon making certain findings. At the sentencing hearing on February 4, 2020, the district court rejected Plus' request for

1

probation and imposed the presumptive sentence of 32 months' imprisonment. Plus timely appealed his sentence.

On appeal, Plus claims the district court "erred by failing to grant him probation." Plus points out that in denying his request for border-box findings, the district court found that Plus was convicted of aggravated indecent liberties with a child instead of aggravated indecent solicitation of a child. More specifically, in denying Plus' request for probation, the district judge stated that "given that this is a conviction for aggravated indecent *liberties* with a child, I cannot find that the public welfare is protected by granting you probation." (Emphasis added.) Plus argues that we should remand for the district court to clarify whether it based its decision to deny probation on the correct charge for which he was convicted.

Under K.S.A. 2019 Supp. 21-6804(q), when a defendant falls within a border box on the sentencing grid, the district court may impose an optional nonprison sentence upon finding that (1) an appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and (2) the recommended treatment program is available and the defendant can be admitted within a reasonable time; or (3) the nonprison sanction will serve community safety interests by promoting offender reformation. "Any decision made by the court regarding the imposition of an optional nonprison sentence shall not be considered a departure and shall not be subject to appeal." K.S.A. 2019 Supp. 21-6804(q).

The district court denied Plus' request for border-box findings in part because Plus did not provide an evaluation at the sentencing hearing that showed he could be admitted into an appropriate treatment program. As Plus concedes in his motion, an appellate court lacks jurisdiction to review a district court's decision not to make border-box findings to impose an optional nonprison sanction. See *State v. Whitlock*, 36 Kan. App. 2d 556, 559,

2

142 P.3d 334 (2006); see also K.S.A. 2019 Supp. 21-6820(c)(1) (stating that an appellate court shall not review any sentence within the presumptive sentence for the crime).

As for the district court's single reference at the sentencing hearing that Plus was convicted of aggravated indecent liberties with a child, the sentencing transcript reflects in at least three other places that the district court correctly referred to Plus being convicted of aggravated indecent solicitation of a child. Even Plus concedes in his motion that the district court's single reference to the crime as being aggravated indecent liberties with a child may have been "a slip of the tongue." The entire transcript of the sentencing hearing shows that the district court was aware of its authority to grant Plus probation upon making the appropriate findings under K.S.A. 2019 Supp. 21-6804(q). Thus, there is no reason to remand for the district court to clarify whether it based its decision to deny probation on the charge for which Plus was convicted. See *State v. Warren*, 297 Kan. 881, Syl. ¶ 1, 304 P.3d 1288 (2013) (holding that the district court's imposition of a presumptive sentence can be reviewed on appeal if record shows the district court did not understand its statutory authority to grant probation).

Here, the district court imposed the presumptive sentence for the crime for which Plus was convicted. This court lacks jurisdiction to review the district court's decision to decline to impose an optional nonprison sanction.

Appeal dismissed.