NOT DESIGNATED FOR PUBLICATION

No. 122,743

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES FOSTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge Opinion filed July 23, 2021.
Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: Generally, this court lacks jurisdiction to review a sentence if it is within the presumptive sentence for the crime. K.S.A. 2019 Supp. 21-6820(c)(1). For convictions that fall in a border box, imposing incarceration constitutes a presumptive sentence. K.S.A. 2019 Supp. 21-6804(q).

Charles Foster pled no contest to a crime which fell in a border box of the sentencing grid under the Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq. At sentencing, Foster requested a nonprison sentence, but the district court imposed the presumptive prison sentence. Foster appeals that decision. But

1

because Foster received a presumptive sentence, we find we lack jurisdiction and must dismiss his appeal.

## FACTUAL AND PROCEDURAL HISTORY

Under a plea agreement, Foster pled no contest to possession of cocaine with the intent to distribute. Because his crime of conviction was a drug severity level 4, nonperson felony, and his criminal history score was F, his sentence fell in a border box on the KSGA sentencing guidelines grid. K.S.A. 2020 Supp. 21-6805(a). A sentence that falls into a border box is presumed imprisonment, though the court may impose an optional nonprison sentence upon making certain findings on the record. The court must find:

"(1) An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and

"(2) the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; or

"(3) the nonprison sanction will serve community safety interests by promoting offender reformation. K.S.A. 2020 Supp. 21-6804(q)."

Foster filed a motion requesting either a downward dispositional departure to probation or a durational departure from his presumptive prison sentence. In his motion, Foster stated that he was nearly 70 years old, a caretaker for his wife, and "currently doing well" in an outpatient drug treatment program. Foster alleged that "substantial and compelling mitigating circumstances" existed to support a dispositional departure to probation. Foster argued that he should be granted probation because he accepted responsibility for his actions, the degree of harm attributed to his crime "caused substantially less harm than other convictions," his crime was nonviolent, probation would be conducive to his continued success in drug treatment, and granting him probation would promote community safety by preventing a disruption to his efforts

2

toward rehabilitation. Foster alleged that he "was threatened to participate in this conduct by individuals who physically harmed [him]," and although he had reported that attack to police, "law enforcement's failures to proceed with that case caused Mr. Foster to feel like he had no choice" but to participate in the distribution.

The State objected to Foster's motion, arguing that the factors that he raised did not constitute substantial and compelling reasons to grant a departure. The State also contested Foster's allegation that others coerced him to commit the crime because of law enforcement failures.

At the sentencing hearing the district court heard arguments from both parties on Foster's departure motion. Much of the arguments centered on Foster's allegation that an individual to whom he owed a debt coerced him to traffic cocaine. Foster maintained that the individual had attacked him shortly before his arrest and threatened to harm Foster further if Foster did not traffic the cocaine. The State contested Foster's testimony that someone else coerced him into committing the crime, soliciting testimony from the arresting officer that evidence collected at the time of arrest suggested Foster had been actively and willingly distributing cocaine.

Although both parties—in both their written and oral arguments on the departure motion—referenced a substantial and compelling standard, the district court specifically noted that a slightly less demanding border box standard applied.

After considering the evidence, the district court denied Foster's motion and ordered him to serve the presumptive sentence of 24 months' imprisonment, followed by 24 months of postrelease supervision. Of its findings, the district court explained that it was denying Foster's departure motion because this was not a first-time offense for a crime involving the distribution or sale of drugs, and at 70 years old, Foster should have known better. The court then noted that it was not willing to make a finding that an

3

appropriate treatment program exists that would be more effective than the prison term. The court further stated that Foster's criminal history and the evidence presented at the hearing did not support a finding by the court that granting him probation would serve the safety of the community by promoting offender reformation.

Foster timely appeals.

ANALYSIS

We must first consider whether we have jurisdiction over Foster's appeal. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

The right to appeal is statutory. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the losing party appeals in the manner prescribed by statutes. *Smith*, 304 Kan. at 919.

Generally, this court lacks jurisdiction to review a sentence if it is within the presumptive sentence for the crime. K.S.A. 2019 Supp. 21-6820(c)(1). For convictions that fall in a border box, imposing incarceration constitutes a presumptive sentence. "Any decision made by the court regarding the imposition of an optional nonprison sentence shall not be considered a departure and shall not be subject to appeal." K.S.A. 2020 Supp. 21-6804(q). Because Foster's crime of conviction and criminal history score placed him firmly in a border box, we have no jurisdiction to hear his appeal.

But Foster seeks to avoid this procedural roadblock by arguing that his sentence is illegal because it does not conform to the applicable statutory provisions. He is correct that a court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2019 Supp. 22-3504(a). A sentence is illegal under K.S.A. 2019 Supp.

4

22-3504(c)(1) when: a court imposes it without jurisdiction; the sentence does not conform to the applicable statutory provisions, either in character or the term of punishment; or the court is ambiguous about the time and manner in which the defendant is to serve the sentence. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

Foster argues that the district court abused its discretion and committed errors of law and fact in denying his motion for a dispositional departure to probation. Foster maintains that the district court erroneously applied the higher "substantial and compelling" dispositional departure standard instead of the slightly lower standard for border box findings, which renders the sentence illegal and thus reviewable.

Unfortunately, the record belies Foster's argument. The district court specifically stated on the record that, although both parties continued to reference the substantial and compelling dispositional departure standard, the border box standard is what applied in this case.

> "And just so we're clear, I know we keep using the term substantial and compelling, and that was used in the motion, and I can consider substantial and compelling in a border box case, but we also have the border box standard, too, to apply, which is a little less than substantial and compelling. . . .
>
> . . . .
>
> ". . . I just want to make sure that the record knows that I know that."

The record also shows that the district court understood the findings necessary to support a departure in this case. The judge addressed each of the statutory factors under K.S.A. 2019 Supp. 21-6804(q) on the record and found there was insufficient evidence presented to support a finding that they should be applied to in this case.

Kansas statutes considers border box sentences presumptive prison sentences, and the district court's imposition of a presumptive sentence here is not subject to appeal.

K.S.A. 2019 Supp. 21-6804(q); *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334 (2006). The district court did not apply an erroneous legal standard, and therefore the sentence is not illegal and remains nonreviewable.

Appeal dismissed.