NOT DESIGNATED FOR PUBLICATION

No. 126,754

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIN COVEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed November 22, 2024. Appeal dismissed.

*Christopher S. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PER CURIAM: Christin N. Covel appeals her 68-month prison sentence—which fell within the statutory presumptive guidelines—claiming the district court abused its discretion by not addressing the findings supporting an optional nonprison sentence in lieu of prison. When the district court understood its sentencing authority, appellate courts lack subject matter jurisdiction to review challenges to sentences within the presumptive guidelines. Therefore, Covel's appeal is dismissed for lack of jurisdiction.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2021, the State charged Christin N. Covel in Sedgwick County with three counts of aggravated indecent liberties with a child, each off-grid person felonies, and unlawful sexual relations, a severity level 5, nondrug grid, person felony. Pursuant to a plea agreement, Covel pled no contest to two counts of severity level 5 aggravated indecent solicitation of a child in exchange for the State dismissing the other two charges and recommending imprisonment for the top number in the applicable Kansas Sentencing Guidelines grid box. The State would also recommend the sentences run consecutive to each other. The plea agreement did not prohibit Covel from arguing for a nonprison sentence.

At sentencing on June 15, 2023, Covel did not object to the content of the presentence investigation (PSI) report or the court's determination that her criminal history score was I. The court concluded that with Covel's criminal history score, her offenses were subject to grid box 5-I for sentencing, which made this a border box case. In accordance with the plea agreement, the State recommended that court impose the maximum allowable sentence of imprisonment for each of the two counts and that they run consecutive. Covel asked the court to make "border box findings" under K.S.A. 21-6804(q) and impose the nonprison option of probation. Covel argued she was a good candidate for probation because she was employed and was actively attending therapy, and her therapy treatment was more likely to reduce risk of reoffending than prison. She urged the court to essentially appease both parties by ordering the State's requested underlying prison sentence and then suspend the sentence and grant her three years of probation in which she could prove herself. Covel also submitted an evaluation from her therapy provider that apparently recommended she continue her current therapy services in a community-based outpatient setting rather than traditional sexual offense-specific treatment. The report was not provided on appeal. Covel noted that she had complied with the requirements of pretrial services for a year and a half.

2

Consistent with the State's position, the court sentenced Covel to a prison term of 34 months on each conviction to run consecutive, resulting in a total prison sentence of 68 months. The court noted Covel's extensive contacts with the victim, the special relationship she held with the 13-year-old victim, and how the sentence would relate to her crime under the circumstances. Covel questioned whether she was being sentenced so severely to send a message to others rather than on the circumstances of her own actions. The court explained that it considered the individual circumstances of Covel's offenses, the deterrence of her behavior, and general deterrence given the age of the victim and circumstances of the offenses.

.

## DISCUSSION

On appeal, Covel claims that the district court abused its discretion in her sentence because it failed to address the factors in K.S.A. 21-6804(q) when it refused to sentence her to probation rather than prison, and it failed to assess her individual characteristics, circumstances, needs, and potentialities when sentencing. The State argues that this court lacks subject matter jurisdiction to hear this appeal because Covel's sentence was within the presumptive guidelines and the district court was not required to specifically address the K.S.A. 21-6804(q) factors during sentencing.

First, this court must determine if it has subject matter jurisdiction to hear Covel's appeal. Whether subject matter jurisdiction exists permitting appellate review is a question of law over which this court exercises unlimited review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022). The right to appellate review must be derived either from the Kansas Constitution or applicable statute. Kansas appellate courts are granted subject matter jurisdiction by statute to "correct, modify, vacate or reverse any act, order or judgment of a district court . . . to assure that any such act, order or judgment is just, legal and free of abuse." K.S.A. 60-2101; see also *Gleason v. Samaritan Home*, 260 Kan. 970, 983-84, 926 P.2d 1349 (1996) (explaining appellate jurisdiction). This broad

3

authority is limited by other statutory provisions, including the language applicable here that limits appellate review of certain criminal sentences. "[T]he appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime" for defendants convicted of a felony after July 1, 1993. K.S.A. 2018 Supp. 21-6820(c)(1); see also *State v. Young*, 313 Kan. 724, 728-30, 490 P.3d 1183 (2021) (explaining appellate jurisdiction of aspects of presumptive sentences). This means that if Covel was sentenced within the presumptive prison range, she could not seek appellate redress of that sentence.

Covel concedes that her sentence was within the statutory presumptive range—which arguably ends the review. Covel's criminal history score of I and offense severity level of her convictions in this case put her in the border box range for sentencing. A border box case is when the sentencing range includes a legislatively imposed presumptive sentence that has "special rules that give the sentencing judge more discretion on whether the disposition will be prison or probation." *Young*, 313 Kan. at 730. Covel claims that despite being sentenced within the presumptive prison range, this court has subject matter jurisdiction over her appeal because it "involves a question of law and statutory interpretation" in that the district court committed an error of law by not considering the border box factors in K.S.A. 21-6804(q). Covel provides no legal support for this court's jurisdiction in such a circumstance.

Covel argues that a decision from a panel of this court in a similar case demonstrates that district courts are required to consider border box factors on the record because that panel noted that the district court considered the border box factors before imposing a presumptive prison sentence. See *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334, *rev. denied* 282 Kan. 796 (2006). However, *Whitlock* does not stand for the proposition that district courts are required to articulate their border box considerations supporting or undermining an optional nonprison sentence. 36 Kan. App. 2d at 558-59. In fact, the *Whitlock* panel dismissed the appeal for lack of subject matter

jurisdiction and explained that K.S.A. 21-4704(f), the predecessor of K.S.A. 21-6804(f), "makes clear that any decision by the trial court concerning the imposition of an optional nonprison sentence for an offense classified in grid block 5-I 'shall not be considered a departure and shall not be subject to appeal.'" 36 Kan. App. 2d at 559. Covel's sentence is the exact type of sentence the panel in *Whitlock* identified as not being subject to appellate review.

At sentencing, Covel's criminal history was an I and her offense level classified her sentencing in a border box grid block 5-I. This meant that her presumptive sentence was prison, but the court had the option to impose a nonprison sentence. See K.S.A. 2018 Supp. 21-6804(f) ("If an offense is classified in grid blocks 5-H, 5-I or 6-G, the court may impose an optional nonprison sentence as provided in subsection [q]."). Covel does not claim that the district court misunderstood its ability to impose a nonprison sentence—but in an apparent attempt to establish appellate jurisdiction—argues the district court erroneously refused to fully or properly consider the border box factors supporting the nonprison sentence. See *State v. Warren*, 297 Kan. 881, 886-87, 304 P.3d 1288 (2013) (permitting appellate review of presumptive sentences within the grid range when the sentencing court misunderstood or misinterpreted its statutory sentencing authority). However, unlike the facts in *Warren*, the sentencing court here clearly understood it had authority to impose a nonprison sentence and simply declined to do so. The district court heard lengthy arguments from the parties for and against probation, and its sentencing decision clearly shows the court considered probation but opted for the presumptive prison sentence.

There is no indication that the sentencing court misunderstood its sentencing authority and no claim that the sentence imposed was somehow illegal, and this court lacks subject matter jurisdiction to hear Covel's appeal.

CONCLUSION

Covel appeals from the district court's decision to sentence her to a presumptive prison sentence—that she concedes are within the statutory guidelines—rather than probation. The district court understood its statutory authority to impose a nonprison sentence and simply declined to do so. This court lacks subject matter jurisdiction to review the propriety of sentences imposed within the statutory presumptive guidelines where the district court understood its sentencing authority. As such, Covel's appeal is dismissed for lack of jurisdiction.

Appeal dismissed.